442 So.2d 849 (1983)
Lionel JACKSON
v.
MALONEY TRUCKING & STORAGE, INC.
No. CA-1050.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
*851 Morris H. Hyman, Bruce S. Kingsdorf, New Orleans, for plaintiff-appellee.
Perrin C. Butler, Metairie, John H. Ryan, New Orleans, for defendant-appellant.
Before AUGUSTINE, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
This case involves the interpretation of La.R.S. 23:1225 [Acts 1978, No. 750, § 1], which permits an employer to reduce Worker's Compensation payments by the amount of social security benefits the employee receives when the employee is determined to have suffered total and permanent disability. This court held that defendant was entitled to the reduction and remanded it to determine the date defendant made a demand for the reduction provided for in the statute. The trial court held that demand was made, and reduction allowed, from the date defendant filed a petition for a rehearing to introduce evidence of plaintiff's social security benefits. Plaintiff appeals.
At trial defendant argued that there was no causation present, offering the testimony and report of one doctor that plaintiff had attributed his back pain to having carried a friend's refrigerator. The trial court apparently believed the testimony of plaintiff and his co-worker, and the testimony and reports of several of plaintiff's doctors, that plaintiff's back injury had occurred while loading a 590 pound drum during his employment by defendant on August 9, 1979. The trial court rendered judgment on June 15, 1981, awarding plaintiff 400 weeks of partial disability compensation benefits. The court also ordered defendant to pay a 12% penalty on claims withheld since December 5, 1979 and $2,000 in attorney's fees, holding that defendant's cessation of payments on that date in response to a medical report permitting plaintiff to return to light work without a medical discharge, was arbitrary, capricious and without probable cause under La.R.S. 23:1201.2.
Defendant moved for a suspensive appeal and on September 30, 1982, the Fourth Circuit Court of Appeal, 424 So.2d 1037, *852 amended the trial court's judgment to award plaintiff total and permanent disability benefits, and an additional $500.00 in attorney fees for prosecuting the appeal. Defendant requested and was granted a rehearing. On rehearing this court held that defendant was entitled to reduce his worker's compensation payments as provided for in La.R.S. 23:1225, since plaintiff was now determined totally disabled, and the case was remanded to determine the reduction. The trial court held that defendant was entitled to reduce worker's compensation payments only from the date defendant had specifically demanded the benefits of the statute. The court determined this to be October 29, 1982, the date defendant filed the petition for rehearing to introduce evidence of the social security payments.
Defendant appeals the judgment rendered by the trial court on remand, alleging that the trial court erred by: (1) not considering defendant's demand to have been made in defendant's answer to plaintiff's original petition, or alternatively, when the issue was tried in court and the pleadings accordingly expanded; and (2) not allowing defendant to reduce all payments, including unpaid back payments, since defendant appealed the initial worker's compensation award suspensively.
Plaintiff's brief on appeal alleges that the trial court erred by: (1) not considering defendant's demand to have been made only after the date of the trial court's judgment on remand, or, alternatively, only after the case was remanded to the trial court; and (2) not holding La.R.S. 23:1225 unconstitutional. Plaintiff also asks to be awarded an increase in attorney's fees to compensate services rendered on remand and on the present appeal.
DATE OF DEFENDANT'S DEMAND
Defendant asserts that the language in his answer to plaintiff's initial petition, stating that "Respondent avers that he has paid to or for plaintiff any and all sums which he is due under the Workmen's Compensation Act and specially pleads payment as a defense" constitutes the demand required to entitle defendant to the reductions provided for in La.R.S. 23:1225.
La.R.S. 23:1225 provides that Worker's Compensation benefits for permanent and total disability shall be reduced by federal old age, survivors, and disability insurance benefits when the combined federal and worker's compensation benefits would otherwise cause a reduction in the federal benefits.
Social security is a participatory program, the employee having contributed half of the "premium" for his coverage. La.R.S. 23:1225 affords the employer the opportunity, under certain conditions, to reduce compensation of work-injured employees by maintaining federal payments at their highest level. For the employer to benefit from the statute it must make a demand for the benefits of the statute; the employer can reduce his payments only prospectively from the date it exercises its right to do so. Lofton v. Louisiana Pacific Corporation, 423 So.2d 1255 (La.App. 3d Cir.1982).
An affirmative defense must be set forth in the answer in such a way that the plaintiff is given fair and adequate notice of the defense and of the fact that evidence will be offered regarding it. La. C.C.P. Art. 1005; Paxton v. Ballard, 289 So.2d 85 (La.1974); State v. Nattin, 316 So.2d 115 (La.1975). Defendant's blanket assertion of payment of all sums due did not mention social security payments and cannot be considered to have given plaintiff the notice the Code's scheme requires.
Considering the policies of worker's compensation and social security, defendant's vague assertion was even further from satisfying the pleading requirements of La.R.S. 23:1225. It is the responsibility of the employer to inform himself of the social security payments being received by the employee to whom he is paying worker's compensation; the employee should not have to calculate and remit the amount creditable to the employer. Other jurisdictions have interpreted similar provisions in this manner. See, Department of Transportation, *853 Division of Risk Management v. Lindsey, 383 So.2d 956 (Fla.App.1980). The burden of reporting social security could not be shifted back upon the employee on the basis of defendant's vague professions of payment of all money due. The demand required of La.R.S. 23:1225 was not made in defendant's answer.
Defendant's second argument that the issue was tried in court and the pleadings accordingly expanded is without merit because he introduced no evidence of social security benefits in the trial court or in the appellate court until rehearing by this court.
Defendant also asserts that all back payments of worker's compensation due should be reduced because defendant suspensively appealed the award. He asserts that he would not be recouping payments made before his demand because, the suspensive appeal having held the judgment in abeyance, the demand automatically relates back to that judgment.
The purpose of a suspensive appeal is to defer the effects of a judgment that could possibly be overturned until it is determined that the judgment will be upheld. It does not make all affirmative acts required of an appealing party relate back to the date of appeal. As explained in Lofton, supra, La.R.S. 23:1225 is not self-operative; the social security benefits the employee receives prior to the employer's demand cannot be recouped retroactively. It is the employer's responsibility to ask for the benefits available to it under the statute. To allow the employer these benefits before his demand would defeat the entire purpose of the statute.
Plaintiff asserts that defendant should be allowed to reduce his payments only from the date the trial court, on remand, determined the amount of reduction or, if earlier, only from the date the appellate court remanded to the trial court to make that determination.
In Lofton, supra, the defendant had prematurely filed a rule requesting the court to determine the reduction. The trial court, therefore, did not make the reduction effective at the time of the demand, but held it would become effective upon rendition of judgment. The appellate court affirmed, holding that under the facts of the case, the trial judge had not exceeded his equitable powers. The appellate court noted, however, that ordinarily the reduction should take effect from the date of judicial demand.
Plaintiff contends that here just as in Lofton, equity requires defendant's payments be reduced only from the time the trial court rendered judgment on remand after hearing evidence of the receipt of the social security benefits, because to do otherwise would reward defendant for its arbitrary and capricious refusal to pay plaintiff worker's compensation benefits.
The reduction is normally to become effective upon judicial demand. Lofton, supra. In Lofton, because the rule demanding the reduction had been brought prematurely, the court, unable to apply the reduction from that date, chose to grant them from the date of its judgment. Here, plaintiff seeks an equitable modification of the statute's provisions as a punitive measure. Punishment for arbitrary and capricious failure to pay is already provided for in La.R.S. 23:1201.2, which imposes a 12% penalty and attorney's fees on the employer. There is no need to deviate from the requirements of La.R.S. 23:1225.
Plaintiff argues alternatively that the reduction should not be allowed prior to date of remand to the trial court; first, because this was the first time the evidence was presented in the trial court, and second, because affirmative defenses must be asserted in pleadings filed in the trial court and not as entirely new issues on appeal.
The appellate court can render judgment only upon the record on appeal. Thus, evidence not presented in the trial court cannot be considered on appeal. La.C.C.P. Art. 2164. Affirmative defenses must be set forth in defendant's answer to plaintiff's petition. La.C.C.P. Art. 1005.
*854 The policies involved in La.R.S. 23:1225 do not mesh perfectly with those of appellate review nor those of affirmative defense. An employer may not discover that his employee is receiving social security benefits until after he has answered the employee's petition. An employer should not be precluded from ever receiving the benefits of reduction because the issue was not brought up at trial and thus not part of the record for review, while the federal government enjoys reduced social security payments. The intent of the statute is to offer the employer a chance to make smaller worker's compensation payments while the federal government continues to provide full social security benefits. What is required is not a technical affirmative defense, but rather, a judicial demand. Lofton, supra. Judicial demand was made when defendant filed a petition with the court to receive the reduction provided for in the statute. We affirm the trial court's holding to that effect.
CONSTITUTIONALITY OF R.S. 23:1225
Plaintiff asserts for the first time on this appeal that La.R.S. 23:1225 is unconstitutional in that it violates the equal protection provisions of the Fourteenth Amendment of the United States Constitution and Article I Section 3 of the 1974 Louisiana Constitution. The constitutionality of La.R.S. 23:1225 was attacked on appeal in LeBlanc v. Consolidated Aluminum Company, 433 So.2d 361 (La.App. 3d Cir.1983) and the court held the matter res judicata because it had been neither pleaded nor raised at the trial level. We decline to consider plaintiff's constitutional claim for the same reasons. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971).
ATTORNEY'S FEES
Plaintiff asserts that the $2,000 attorney's fees awarded at the first trial and the $500.00 additional awarded at the first appeal are insufficient and requests that the defendant be required to pay an additional $5,000.00 attorney's fees for services rendered on remand and on this appeal.
Plaintiff was last granted attorney's fees on September 3, 1982 when this court awarded him an additional $500.00. In the following year there have been a rehearing by this court, a remand to the trial court, and the present appeal to this court. In Lastrapes v. CNA Insurance Company, 426 So.2d 741 (La.App. 3d Cir. 1983), cited by plaintiff, the award of attorney's fees was increased by $1,500.00 to cover an appeal and remand and a second appeal occurring over two years' time. In Bernard v. Merit Drilling Company, 434 So.2d 1282 (La.App. 3d Cir.1983), attorney's fees were increased by $750.00 to cover one appeal. We consider an increase of $1,500.00 as appropriate in the instant case.
AFFIRMED AND AMENDED.