GAUDIN, Judge.
This workmen’s compensation case was dismissed in the district court as being premature because the plaintiff, Ferd Le-Duff, had not initially submitted his claim to the Office of Worker’s Compensation Administration in accord with LSA-R.S. 23:1314, which, in part, reads:
“The presentation and filing of the petition ... shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed ...”
On appeal, Mr. LeDuff argues that his injury — i.e., a lung disease allegedly related to his occupation — and his cause of action *251 arose prior to the effective date of R.S. 23:1314, July 1, 1983, although his suit in the 24th Judicial District Court was not filed until July 21, 1983. Therefore, he feels, the statute is inapplicable and he can proceed directly to district court. He considers his cause of action a vested property right protected by the guarantee of due process.
Appellees contend that the statute is only procedural and should be given retroactive effect as there is no language showing a contrary intention. Appellees cite Lott v. Haley, 370 So.2d 521 (La.1979), and other cases.
At first glance, R.S. 23:1314 in isolation seems merely procedural, or remedial. However, other changes' in the workmen’s compensation law also became effective July 1, 1983, and many of these changes were substantive and relate directly or indirectly to R.S. 23:1314. These laws, which amended or reenacted numerous segments of Title 23, were passed at the 1983 First Extraordinary Session of the Louisiana Legislature.
Considering the changes as a whole, including R.S. 23:1314’s requirement that claims first be submitted to the Office of Workmen’s Compensation Administration, we are unable to say that they were purely procedural. Accordingly, Mr. LeDuff’s suit should not have been dismissed via maintenance of a dilatory exception of prematurity.
When Mr. LeDuff’s case is considered by the courts, or, argumentively, by the Office of Workmen’s Compensation, the substantive law in effect when his cause of action arose is clearly applicable. Mr. LeDuff worked at the National Gypsum Plant in Marrero, Louisiana for almost 35 years, retiring on June 22, 1982, more than a year before the provisions of R.S. 23:1314 became effective. He was advised by Dr. Morton Brown in May of 1983 of his diseased lung condition.
While we are unable to ascertain precisely the legislative intent, it seems reasonable that the legislature meant for the statutory changes to effect claims and causes of action arising after July 1, 1983. This is exactly the position taken by the Office of Workmen’s Compensation, which is on record as repeatedly stating that it "... has no jurisdiction over claims occurring prior to July 1, 1983..., ” reference the four exhibits (letters) which form part of this record.
Unless the courts are immediately available, Mr. LeDuff will have no forum to present his claim. The Office of Workmen’s Compensation is not likely to voluntarily change its position and there are no pending lawsuits asking that the Office of Workmen’s Compensation be ordered to entertain pre-July 1, 1983 causes of action cases.
For these reasons, we reverse the January 4, 1984 judgment maintaining the exception of prematurity, and we remand this matter to district court for further proceedings.
REVERSED AND REMANDED.