KING, Judge.
The sole issue presented by this appeal is whether the trial court was correct in finding that plaintiff’s physical condition was attributable to a work-related accident and that he was entitled to worker’s compensation benefits.
Jerry G. Chapman (hereinafter Chapman) filed suit on April 12, 1982 for worker’s compensation benefits, penalties, and attorney’s fees naming as defendants his employer, Pelican Truck Lines, Inc. (hereinafter “Pelican”) and its worker’s compensation insurer, Northwest Insurance Company. On June 24, 1985, a notice of liquidation and injunction against proceeding in litigation against Northwest Insurance Company was filed by the insurance commissioner for the State of Oregon. At trial, the court took judicial notice of the record and the fact that Northwest Insurance Company was no longer a party to the suit. After a trial on the merits, the court took the matter under advisement. Judgment was rendered against Pelican and the State of Louisiana in solido. The State was never a party to the litigation.[1]
On October 19, 1987, judgment was rendered in favor of Chapman and against Pelican for worker’s compensation benefits in the amount of $183.00 per week from the date of the accident, subject to a credit of $92.42 per week as an offset for Social Security Benefits already received. The claim for penalties and attorney’s fees was denied. A timely suspensive appeal was perfected by Pelican on November 30,1987. We affirm.
FACTS
The trial court clearly and thoroughly set forth the facts pertinent to this case in its written reasons for judgment which we are *1017 pleased to adopt as our own. The trial court stated that:
“The facts in this matter are rather simple. An accident occurred on December 31,1981 outside of Beaumont, Texas. At that time JERRY G. CHAPMAN, the Plaintiff herein, was employed by PELICAN TRUCK LINES, INC., sometimes hereinafter referred to as employer or PELICAN. Plaintiff was driving a PELICAN vehicle from the main yard in Jena, Louisiana, to a site in Texas. An automobile accident occurred wherein Plaintiff claims to have sustained injuries. PELICAN (or its insurer who has since sought Federal Bankruptcy relief) paid compensation benefits through October 25, 1983. Plaintiff instituted a suit for worker’s compensation benefits, penalties, and attorney fees. Defendant denies that Plaintiff is entitled to benefits and, argues that, in the alternative, Defendant should be given credit for any Social Security benefits payments made.
There is no question that Plaintiff was in the course and scope of his employment at the time of the accident. The remaining question is the extent of Plaintiffs injuries.
The lay testimony was rather brief. David Deville, Sr., an officer with PELICAN TRUCK LINES, INC., testified under cross-examination. He acknowledged the accident and the fact that CHAPMAN was terminated from employment shortly thereafter. The cause for termination was this accident as well as a prior accident which occurred while Plaintiff was employed by PELICAN. Deville testified that he felt CHAPMAN had not been injured while working for PELICAN, and that CHAPMAN made no claim at the time of the accident.
CHAPMAN testified that he had no history of back problems prior to this accident and that immediately after the accident he suffered pain in the neck and shoulder region, mostly high pain. Subsequent to the accident he began to suffer low back pain. His wife, Rose Chapman, testified that prior to this accident her husband had never complained of low back pain. She did acknowledge that at times she and Plaintiff would haul logs in the woods, but that most of the time she was the one who skidded the logs and Plaintiff simply watched. Plaintiffs activities around the home, as described by Mrs. Chapman, were limited. She recalled one occasion in which he drove a truck all day, came in, and complained all evening.
A friend of the family, Wanda Price, testified that she had known the Plaintiff for four to five years and was aware of his complaints of back pain. She had, from time to time, assisted him in response to his complaints.
The principal lay testimony presented by the Defendant evolved around the immediate time period after the accident. Dowell DeWayne Ussery of Georgetown, Louisiana, testified that he was at the scene of the accident, was jarred around but suffered only minor injuries. He indicated that he had inquired as to how CHAPMAN felt immediately after the accident and CHAPMAN had responded that he felt alright under the circumstances. He did testify that shortly after the accident CHAPMAN began to have difficulties with his neck. Earl Ray Coon, the Yard Supervisor for PELICAN testified that he saw Plaintiff shortly after the accident and that Plaintiff made no comment about the extent of his injuries.
Numerous doctors testified by deposition. Their testimony is reviewed herein, not necessarily in the order in which they saw the Plaintiff, but rather in the order in which the depositions were filed.”
The trial court then reviewed the extensive medical evidence in great detail. We have also carefully reviewed this medical evidence and agree with the trial court’s evaluation of this evidence. The trial court then stated that:
"The evidence in this record is to the effect that the Plaintiff was basically an ‘otherwise healthy worker’ prior to the time of the accident. The medical testimony clearly reveals the Plaintiff had low back problems. Dr. Jackson performed surgery to correct this difficulty. *1018 Dr. LaBorde establishes a causal connection despite early flexibility in the lower back. Additionally, Dr. Amsden confirmed that the Plaintiff was reluctant to complain of anything because of fear for his job. (A fear obviously well founded). It is the Court’s consideration of that evidence that the Plaintiff has bom [sic] the burden of proof by a preponderance of the evidence as to the causal connection between the accident and his diability [sic]. Therefore, the Court does find that the Plaintiff suffered a compensable accident within the intendment of Louisiana Revised Statute 23:1031. Therefore, the Plaintiff is entitled to recover worker’s compensation benefits in the amount of 66%s of his wages during the period of his disability as set forth by Louisiana Revised Statute 23:1221(2)(a).”
LAW
LSA-R.S. 23:1031 provides that any employee who is not otherwise eliminated from receiving worker’s compensation benefits shall be compensated by his employer for personal injury received by an accident arising out of and in the course of his employment. The amount of this compensation is 66%% of the employee’s wages during his period of disability if the injury produces permanent total disability. La.R. S. 23:1221(2)(a).
In a worker’s compensation proceeding to determine entitlement to disability benefits, the plaintiff must prove, by a preponderance of the evidence, that he received personal injury by an accident arising out of and in the course of his employment, that he is disabled, and that his disability resulted from injuries sustained in the work-related accident. Laughlin v. City of Crowley, 411 So.2d 708 (La.App. 3 Cir.1982). This court stated in Laughlin at page 712 that:
“ ‘On the specific issue of the causal connection between the accident and the disability, the claimant is entitled to the benefit of a presumption in certain cases. If an otherwise healthy worker suffers an accident at work and is thereafter disabled, it is presumed that there is a causal connection between the two, so long as the medical evidence establishes a reasonable possibility of such a connection.’ Allor v. Belden Corp., 393 So.2d 1233, 1236 (La.1981).” (Emphasis supplied.)
The trial court stated in its reasons for judgment that the evidence proved that Chapman was basically an “otherwise healthy worker” prior to the time of the accident. The medical testimony clearly substantiates plaintiff’s claims of lower back problems. Dr. Jackson found two bulging discs in Chapman’s back which made his work as a long distance truck driver untenable. Dr. LaBorde testified that his findings caused him to suspect some type of lumbar disc abnormality. Dr. Amsden stated that he believed Chapman initially tried to minimize his pain because he felt his job with Pelican was in jeopardy. Dr. Weiss testified that he diagnosed Chapman as having a chronic back syndrome. The totality of the lay and medical testimony tends to support Chapman’s claims. When there is evidence in the record which furnishes a reasonable factual basis for the trial court’s finding, the appellate court should not disturb this factual finding in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). We find that the trial court was not manifestly erroneous nor clearly wrong in finding Chapman entitled to worker’s compensation benefits.
The trial court denied Chapman’s request for penalties and attorney’s fees provided for in La.R.S. 23:1201.2 because Pelican was not arbitrary, capricious or without probable cause in discontinuing Chapman’s benefits. Given the circumstances of the case, the trial court found that Pelican was not liable for penalties and attorney’s fees and this finding must also be affirmed in the absence of manifest error.
The trial court granted Pelican’s request that the sum owed to Chapman be offset by the Social Security benefits he received, according to La.R.S. 23:1225(A). This statute provides:
*1019 “The benefits provided for in this Sub-part for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 1, Subchap-ter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and worker’s compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424A, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been payable and had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424A. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the dates of the employee’s injury.”
According to this section, the employer may only reduce payments from date of judicial demand. See also, Jackson v. Maloney Trucking & Storage, Inc., 442 So.2d 849 (La.App. 4 Cir.1983). In this case, judicial demand was made on May 29, 1985. The trial court found that the credit due to Pelican equals $92.42 weekly from that date. This factual finding, likewise, is not manifestly erroneous.
Finally, we note that even though a written judgment was rendered casting the State of Louisiana in judgment in solido with Pelican, neither Chapman or Pelican made the State of Louisiana a party to this proceeding. Consequently, the trial court erred when it rendered judgment against the State of Louisiana. Accordingly, we will amend the trial court judgment insofar as it cast the State of Louisiana in judgment.
For these reasons, we amend the trial court judgment to delete the judgment against the State of Louisiana, as a party defendant, and affirm the judgment of the trial court in all other respects. All costs of these proceedings are taxed to defendant-appellant, Pelican Truck Lines, Inc.
AFFIRMED.

. We will allude to this error at a later point in this opinion.