CARTER, Judge.
This is an appeal from a summary judgment granted in favor of American Branch Building Corporation (American Branch).
BACKGROUND
In October of 1978, American Branch entered into a sublease with James Gravois to sublease certain property located at the corner of Old Hammond Highway and Airline Highway in Baton Rouge, Louisiana. In March or April of 1984, R.D. Bozeman, Jr. sought to purchase the sublease from Mr. Gravois. American Branch was contacted, and a controversy subsequently arose concerning whether American Branch had agreed to this sublease.
In January of 1985, Bozeman filed a suit, seeking a declaratory judgment confirming the effectiveness of the lease between Bozeman and American Branch and ordering American Branch to execute the sublease. After trial on the merits, the trial court ordered American Branch to execute the sublease, and American Branch suspen-sively appealed that judgment. On October 15, 1986, this court affirmed the judgment of the trial court ordering American Branch to execute the sublease in an unpublished opinion.[1] American Branch subsequently applied for writs from the Supreme Court, and the writ application was denied on December 12, 1986.[2]
While the matter was on suspensive appeal and before the Louisiana Supreme Court denied American Branch’s application for writs, the sublease expired by its express terms on March 31, 1986. It is uncontradicted that Bozeman was required under the sublease to inform American Branch in writing ninety (90) days prior to March 31, 1986, if he desired to exercise the option to renew for a five (5) year term and, in that event, to pay an additional $100.00 per month rent. Bozeman did not take either action.
Following the denial of writs by the Supreme Court, Bozeman made demand upon American Branch on November 20,1986, to *1116 execute the lease and notified American Branch of his desire to execute the option to extend the lease for an additional five (5) years.[3]
American Branch then filed the present action for declaratory judgment, seeking judgment declaring that the sublease was terminated because Bozeman had not timely exercised the option to renew the sublease and had not made the increased rental payments. Bozeman answered the petition and filed a reconventional demand for declaratory judgment, seeking an order recognizing the validity of the sublease and ordering American Branch to extend it until March 81, 1991.
Subsequent thereto, both parties filed motions for summary judgment. The trial judge granted American Branch’s motion for summary judgment, declaring that the sublease was terminated because the option to extend the sublease had not been exercised. Bozeman’s motion for summary judgment was denied, and Bozeman timely perfected this devolutive appeal. The following issues are raised:
1. Whether a party to a contract is obligated to adhere to the provisions of that contract when it has not been executed and the effectiveness of that contract is the subject matter of a suspensive appeal.
2. Whether the issues presented by this appeal are presently moot since Bozeman has been evicted from the premises by judgment of eviction dated October 2, 1987.
ISSUE NO. 1
American Branch argues, and the trial court found, that because Bozeman did not give notice to American Branch of his intent to renew the sublease for an additional five-year term at least ninety (90) days prior to March 31,1986, the sublease terminated of its own accord on March 31, 1986. Bozeman argues that American Branch refused to sign or execute the sublease in question, refused to be bound by its terms, and took a suspensive appeal from a court judgment ordering same, and yet it seeks to hold Bozeman to the terms of a contract which American Branch refused to sign. Bozeman contends that, even if he had notified American of his intent to exercise the option to renew, it would have been a vain and useless act since American Branch did not recognize the validity of the sublease. We disagree.
LSA-C.C.P. art. 2123 provides that a suspensive appeal suspends the effects of a judgment; however, the law does not permit either or both parties to cure defects in their performance during the sus-pensive appeal period after the suspensive appeal is finally decided.
The purpose of a suspensive appeal is to defer the effects of a judgment that could possibly be overturned until it is determined that the judgment will be upheld. It does not make all affirmative acts required of an appealing party relate back to the date of the appeal. Jackson v. Maloney Trucking & Storage, Inc., 442 So.2d 849 (La.App. 4th Cir.1983).
Under the sublease, Bozeman had an affirmative contractual duty to notify American Branch in writing on or before December 31, 1985, of the execution of his option to renew the sublease. The existence of a suspensive appeal did not eliminate the requirement that Bozeman protect his rights by taking the necessary affirmative action required by contract to continue the validity of the sublease.
Nothing prevented Bozeman from giving the necessary written notice of intent to renew, even though American Branch, in its suspensive appeal, denied the legality of the sublease and his right to renew the lease. Further, nothing prevented Boze-man from increasing the monthly rentals *1117 he was paying during the pendency of the appeal, which he was required to do under the express contractual provisions. 13oze-man knew the deadline for exercising his option would expire during the pendency of the appeal. It was incumbent upon him to send timely written notice in order to maintain his option to renew the sublease, which he did not do. Untimely written notification does not relate back so as to make it timely.
ISSUE NO. 2
It is unnecessary to consider Issue No. 2 in light of the resolution of Issue No. 1.
For the above and foregoing reasons, the judgment of the trial court is affirmed at Bozeman’s costs.
AFFIRMED.
LeBLANC, J., concurs in the result.
LANIER, J., dissents and assigns reasons.

. Gravois v. American Branch Building Corporation, 495 So.2d 1020 writ denied, 498 So.2d 18 (La.1986).

. See Footnote 1, supra.

. The sublease contained a provision as follows:
This lease shall commence as of the date hereof and shall terminate on the 31st day of March, 1986, provided that Sublessee shall have one (1) option to extend this lease for an additional five (5) years terminating on the 31st day of March, 1991. In the event Subles-see desires to exercise this option, he shall notify Sublessor, in writing, at least ninety (90) days prior to the termination of the original term of this lease.