WICKER, Judge.
Plaintiffs, Shirley Isemann Lutz, wife of and Francis Lutz, seek review of the trial court judgment reducing the worker’s compensation benefits to be paid by defendant, Jefferson Parish School Board. Finding the trial court’s application of LSA-R.S. 23:1225(C)(1) to this case improper, we reverse.
The trial court’s original judgment awarding worker’s compensation benefits has previously been before us on appeal. *1072 See Lutz v. Jefferson Parish School Bd., 503 So.2d 106 (La.App. 5th Cir.1987). We affirmed the trial court’s judgment declaring Ms. Lutz to be totally and permanently disabled and awarding her compensation payments in accordance with LSA-R.S. 23:1221. However, we reversed the trial court’s denial of her claim for statutory penalties and attorney’s fees and decreed that the claim be allowed. The matter was remanded to the trial court to determine the specific weekly compensation benefits and medical expenses Ms. Lutz was entitled to receive, as well as the past due compensation and medical expenses and the statutory penalties and attorneys’ fees owed to her. Lutz, supra at 111-112.[1] After the trial court fixed Ms. Lutz’s weekly compensation at $125.05, the Jefferson Parish School Board filed a rule requesting that the amount of weekly compensation be reduced, under LSA-R.S. 23:1225(C)(1), because Ms. Lutz was entitled to and received disability retirement payments in addition to her worker’s compensation. Although Ms. Lutz’s injury occurred before the 1983 amendment to the worker’s compensation statute which included the addition of LSA-R.S. 23:1225(C)(1), the trial court applied that provision and reduced Ms. Lutz’s weekly worker’s compensation to $13.40, based on the amount of the disability retirement payments she was also receiving. However, the trial court erred in finding LSA-R.S. 23:1225(C)(1) applicable to this case.
Ms. Lutz’s injury occurred on June 19, 1979. The parties stipulated that the disability retirement she received as a result of this injury became effective on July 31, 1982. The effective date for LSA-R.S. 23:1225(C)(1), as part of the 1983 amendments to the worker’s compensation statute, was July 1, 1983. 1983 La. Acts 1st Ex.Sess. No. 1, Sect. 7. Accordingly, if LSA-R.S. 23:1225(C)(1) is to govern this case, it must be applied retroactively.
This court has already reviewed the retroactive application of one other provision forming part of the 1983 amendments to this state’s worker's compensation statute. In Babin v. Saturn Engineering Corp., 501 So.2d 857 (La.App. 5th Cir.1987), we noted that once the effective date of a statute has been legislatively established, the question then to be determined is whether the law should be given effect prospectively or retroactively. We referred to the development of a general rule that substantive laws are to be applied prospectively, while procedural, remedial or curative laws may be given retroactive effect. “A substantive law is one that creates an obligation, while a procedural, remedial or curative statute relates to the form of the proceeding or operation of the laws.” Babin, supra at 861. In our opinion, LSA-R.S. 23:1225(C)(1) is substantive because it creates an obligation on the part of an injured employee to accept reduced worker’s compensation benefits. The employee becomes obligated to afford the employer a credit for certain payments received from those sources specifically identified in LSA-R.S. 23:1225(C)(1). Since LSA-R.S. 23:1225(C)(1) is substantive, this provision is only applicable prospectively and does not govern Ms. Lutz’s cause of action which arose at the time of her injury in 1979. Babin v. Saturn Engineering Corp., supra; Le Duff v. Gold Bond Bldg. Products, a Div. of Nat. Gypsum Co., 452 So.2d 250 (La.App. 5th Cir.1984).
The pre-1983 version of LSA-R.S. 23.T225 provides for a reduction of worker’s compensation benefits for permanent total disabilities when the injured employee also receives social security disability benefits from the federal government. Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 3rd Cir.1982). No showing was made in the district court, nor does the appeal record reflect that Ms. Lutz has received social security disability benefits *1073 as a result of her injury. Indeed, the Jefferson Parish School Board’s rule seeking reduction of the worker’s compensation in this case does not even allege that Ms. Lutz is the recipient of any social security disability benefits. The reduction of Ms. Lutz’s worker’s compensation benefits was therefore improper. LSA-R.S. 23:1225 (pre-1983). See also, Kliebert v. Arceneaux Air Conditioning, Inc., 439 So.2d 486 (La.App. 1st Cir.1983).
For the foregoing reasons, the June 28, 1989 judgment of the trial court reducing the plaintiff’s weekly worker’s compensation to $13.40 is reversed, and it is decreed that Ms. Lutz’s previously established entitlement to weekly worker’s compensation in the amount of $125.05, beginning June 16, 1985, be reinstated. The costs of this appeal are to be paid by the Jefferson Parish School Board.
REVERSED AND RENDERED.

. The issue of LSA-R.S. 23:1225(C)(l)’s applicability was not before this court in Ms. Lutz’s earlier appeal because the Jefferson Parish School Board had not yet made, nor had the trial court acted on, a judicial demand for reduction of her worker's compensation benefits. See Jackson v. Maloney Trucking & Storage, Inc., 442 So.2d 849 (La.App. 4th Cir.1983). Accordingly, this court specifically reserved a ruling on the very issue now submitted for review. Lutz v. Jefferson Parish School Bd., supra, 111 N. 3.