JiSEXTON, Judge.
This is an appeal by worker’s compensation claimant filed against the city of Chat-ham. We affirm in part and reverse in part.
Claimant, Joseph LeStage, was hired by the town of Chatham as constable. Le-Stage’s duties as town constable included “handyman” activities. On March 20, 1989, the date of the injury, LeStage was driving the town garbage truck and struck his left knee on its door. He sought medical treatment on July 27,1989, and required two knee arthroscopies and a total knee replacement. As a result, LeStage suffers from pain and limited range of motion. Worker’s compensation benefits were paid from July 28, 1991. On September 18,1991, claimant filed a claim with the Office of Worker’s Compensation alleging a failure to pay the benefits at the correct rate and failure to provide vocational rehabilitation.
The Office of Worker’s Compensation determined that plaintiff was totally and permanently disabled and granted weekly benefits of $183.34, subject to a blanket offset of plaintiffs social security disability payments, in addition to an award of $250.00 for attorney fees. Plaintiff appeals both the offset and the attorney fee award, arguing that the hearing officer also erred in leaving certain weekly benefits and medical travel expenses unpaid.
SOCIAL SECURITY DISABILITY OFFSET
LSA-R.S. 23:1225 provides for a reduction in worker’s compensation benefits when the employee also receives federal social security benefits. Cousins v. City of New Orleans, 608 So.2d 978 (La.1992); Cross v. Travelers Insurance Co., 619 So.2d 610 (La.App. 2d Cir.1993). However, for the employer to benefit from the offset, it must make a demand for the credit. Holmes v. International Paper Co., 559 So.2d 970 (La. App. 2d Cir.1990); Jackson v. Georgia Casualty and Surety Co., 513 So.2d 530 (La.App. 2d Cir.1987), writ denied, 515 So.2d 448 (La. 1987). Further, claimant must prove an entitlement to 12the offset by a preponderance of the evidence. Cross, supra; Holmes, supra; Mallet v. Louisiana Nursing Homes, Inc., 459 So.2d 178 (La.App. 3d Cir.1984), writs denied, 463 So.2d 604, 605 (La.1985).
In this case, defendant asserts that it was not made aware of the fact that Mr. LeStage was receiving social security disability benefits until the trial. There is nothing in this record to either support or refute this contention. What is clear from the record, however, is that defendant did not assert its entitlement to the offset at any time. In fact, our review of the record reveals that it was defendant that first inquired of Mr. Le-Stage relevant to his receipt of the benefits. Upon objection by the plaintiff, “It’s outside the scope,” defendant asserted that the purpose behind the questioning was to establish a motive on the part of Mr. LeStage for returning or not returning to work. Defendant further noted that “In other words, we’re not asking the question for purposes of whether or not we can get a credit. We’re not asking for that....”
Clearly at this point, defendant was aware of the offset and stated for the record that it was not seeking it. Additionally, defendants have failed to show the amount of the offset by a preponderance of the evidence. Defendant is therefore not entitled to an offset resulting from the plaintiffs receipt of social security benefits. Accordingly, we will amend the judgment to delete the offset.
WEEKLY BENEFITS AND TRAVEL EXPENSES
Plaintiff next asserts in brief that the hearing officer erred in failing to award certain unpaid weekly benefits and travel expenses. Our review of this record reveals that plaintiff never requested unpaid weekly benefits or travel expenses in his pleadings, pre-trial statement, or at trial. His claim related only to the rate of benefits paid and vocational rehabilitation. As such, he is not entitled to assert his entitlement to these items on appeal. Whittington v. Rimcor, Inc., 601 So.2d 324 (La.App. 2d Cir.1992); writ denied, 605 So.2d 1366 (La.1992); Lutz v. Jefferson Parish School Board, 503 So.2d 106 (La.App. 5th Cir.1987), appeal after re *331 mand, 565 So.2d 1071 (La.App. 5th Cir.1990); Zachary v. Bituminous Casualty Corp., 371 So.2d 1249 (La.App. 3d Cir.1979).
ATTORNEY FEES
Plaintiff finally argues that the hearing officer erred in awarding inadequate attorney fees. In awarding the $250.00 attorney fee, the hearing officer specifically noted that “plaintiff is entitled to receive Two Hundred and Fifty dollar ($250.00) attorney’s fees for the late payment of benefits in October 1991_” Clearly, the award of attorney fees was related only to the two- or three-month period when defendant was late in paying benefits. We find the award reasonable under these circumstances.
CONCLUSION
The first substantive paragraph of the Office of Worker’s Compensation judgment is hereby amended to delete the offset of social security disability benefits received by plaintiff and is recast as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that the plaintiff, Joseph G. LeStage, Jr., is entitled to recover from the defendant, Town of Chatham, total and permanent weekly compensation benefits in the amount of One Hundred and Eighty-three dollars and Thirty-four cents ($183.34).
In all other respects, the lower court judgment is affirmed at defendant’s costs.
AMENDED IN PART AND AFFIRMED AS AMENDED.