690 So.2d 866 (1997)
BEAIRD INDUSTRIES, INC., et al., Plaintiff-Appellant,
v.
Juston V. EBARB, Defendant-Appellee.
No. 29300-WCA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
Mayer, Smith & Roberts by Walter O. Hunter, Jr., Shreveport, for Plaintiff-Appellant.
Wallace & Long by Lacey P. Wallace, Shreveport, for Defendant-Appellee.
Before NORRIS, BROWN and PEATROSS, JJ.
NORRIS, Judge.
The employer, Beaird Industries, Inc., ("Beaird") appeals a decree of the Office of Workers Compensation ("OWC") which denied its request for a declaratory judgment recognizing the company's right to claim a reverse offset pursuant to La.R.S. 23:1225 A. For the following reasons, we affirm.

Factual background
Juston V. Ebarb, a Beaird employee, injured his knees in a work-related accident on January 11, 1991. He filed a claim with the OWC, which ultimately resulted in an award of benefits. On December 13, 1995, Beaird *867 filed the instant petition for declaratory judgment. Beaird alleged that Ebarb's treating physicians declared him totally and permanently disabled, and Beaird requested a declaratory judgment to that effect. The company further claimed that because Ebarb was receiving social security disability payments, a decree of total and permanent disability would entitle Beaird to a reverse offset.
Beaird also requested that the OWC secure the appropriate information to calculate the reverse offset. The company submitted that the Social Security Administration had provided certain figures in differing amounts of Ebarb's average current earnings ("ACE") and total family benefits ("TFB"). Accordingly, Beaird contended that the numbers in effect on the date of Ebarb's January 1991 accident would be appropriate for calculating the reverse offset. In the alternative, Beaird requested a "Garrett" offset[1] for social security based upon the proportion of any amounts it had paid to Ebarb.
The OWC held a brief hearing on March 8, 1996. The hearing officer noted that the Social Security Administration had declared it was precluded from taking an offset. Thus, with the approval of counsel for both parties, the hearing officer framed the issue as whether the OWC could grant a reverse offset for Ebarb's comp benefits when the Social Security Administration was not taking an offset. At the hearing both parties stipulated that Beaird was paying Ebarb total and permanent benefits of $178.52 per week.

Action of the hearing officer
The hearing officer issued an order on March 15 denying Beaird's request for a reverse offset. In her accompanying reasons, the hearing officer noted that Beaird had alternatively asked for a credit under § 1225 C(1)(c), but presented no evidence or argument as to this claim at the hearing. Accordingly, she declined ruling on this request, particularly in light of the stipulation that Ebarb received total and permanent benefits.
The hearing officer next referred to the parties' joint stipulation that Ebarb received total and permanent comp benefits of $178.52 per week or $767.64 per month. Ebarb's benefit status effective December 13, 1995, the date of Beaird's judicial demand was provided by the Social Security Administration as follows:

Total Family Benefits (TFB): $ 855.50
(Without protected cost-of-living increases);
80% of the Average Current Earnings
(ACE): $1976.20
(Redetermination as of January
1994).

Finally, the hearing officer stated that Ebarb's total monthly benefits were $1,623.14 (the sum of his total monthly comp benefits and his TFB).
The hearing officer then found that Beaird was not entitled to a reverse offset pursuant to La.R.S. 23:1225 A. She stated that the first step required by the statute in calculating a reverse offset was comparing Ebarb's total monthly benefits with the higher of either his ACE or his TFB. As Ebarb's ACE was the higher, the hearing officer compared this amount, $1,967.20, to his total monthly benefits amount, $1,623.14. The hearing officer concluded that because Ebarb's total monthly benefits do not exceed his ACE, the Social Security Administration had not taken a federal offset. Accordingly, the OWC could not recognize a reverse offset.

Applicable law
The Louisiana Supreme Court recently explained the concept of "reverse offset" in Garrett, supra:
A "reverse offset" is a state enactment that requires the removal of the offset taken or to be taken by the federal government. Dennis P. Juge, Louisiana Workers' Compensation Sec. 12:4 (1995). A reverse offset provision "allows the state's reduction to take precedence, and precludes [the federal government] from implementing a second, double, offset." *868 Sciarotta v. Bowen, 837 F.2d 135, 137 (3d Cir.1988). A "reverse offset" provision "effectively shift[s] costs back to the federal government by reducing state workers' compensation benefits to account for federal [S]ocial [S]ecurity benefits." Harris v. State, Dept. of Labor & Industries, 120 Wash.2d 461, 467, 843 P.2d 1056, 1059 (1993). Therefore, these provisions permit states to recoup for themselves the savings created by the offset and reduce the burden on the state compensation system.
Under reverse offset provisions, "[t]he covered worker should experience no change in the total amount received from the two systems together." Wex S. Malone & H. Alston Johnson III, 13 Louisiana Civil Law TreatiseWorkers' Compensation Law and Practice Sec. 289 (3d ed. 1994). Stated otherwise, under the reverse offset, the employee receives the same amount of benefits, but from different sources.
Id. at 844 n. 4 (internal citations omitted).
Louisiana's reverse offset provision is found in La.R.S. 23:1225 A and provides:
A. The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and worker's compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee's injury.

Discussion
On appeal the only issue presented is whether the hearing officer erred in the method and numbers by which she denied an offset under La.R.S. 23:1225 A. The hearing officer refused to recognize Beaird's entitlement to a reverse offset because the Social Security Administration had not taken a federal offset. However, Beaird contends that nothing in § 1225 A suggests that the statute permits a reverse offset for an employer only when the Social Security Administration has taken an offset. We disagree.
By its express language, R.S. 23:1225 A limits the employer's entitlement to the reverse offset when "the amount of the combined federal and worker's compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a[.]" Accordingly, at the very least, Louisiana's reverse offset provision requires a determination of whether the federal offset is applicable under 42 U.S.C. § 424a.
In Lofton v. Louisiana Pac. Corp., 423 So.2d 1255 (La.App. 3d Cir.1982), the third circuit applied § 1225 A. The Lofton opinion cited an affidavit submitted by the Social Security Administration demonstrating the method of calculating the offset "if received by the Social Security Administration," thereby indicating that 42 U.S.C. § 424a is utilized in determining an employer's entitlement to a reverse offset. The first circuit followed this procedure in Kliebert v. Arceneaux Air Conditioning, Inc., 439 So.2d 486 (La.App. 1st Cir.1983).
The method set forth in Lofton is similar to that used by the hearing officer in the case sub judice. The hearing officer correctly looked to the formula set forth in 42 U.S.C. § 424a to determine whether a reduction of social security disability benefits was applicable, namely whether the combined amount of such benefits and the employee's comp benefits exceeded the higher of 80% of the employee's ACE or his TFB. The hearing officer's *869 conclusion that the federal offset was not permissible in Ebarb's case was necessary in deciding if Beaird was entitled to a reverse offset.
Beaird also argues that the hearing officer erred in the method of determining whether the company was entitled to a reverse offset because she did not use the calculations of Ebarb's TFB and ACE in effect on either the date of his accident or his entitlement to social security benefits. Counsel for Beaird concedes in brief that no Louisiana jurisprudence addresses this issue, but cites the general principle that the governing law in a compensation action is that which was in effect at the time of the alleged injury. See Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992); Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991).
Beaird has failed to show that Louisiana's reverse offset statute or the federal guidelines mandate the use of calculations of an employee's TFB and ACE in effect on either the date of his work-related accident or the date he qualifies for social security benefits. The reduction of comp benefits permitted by § 1225 A is prospective only and is calculated from the date of judicial demand. Cross v. Travelers Ins. Co., 619 So.2d 610 (La.App. 2d Cir.1993); Jackson v. Georgia Casualty and Sur. Co., 513 So.2d 530 (La.App. 2d Cir.), writ denied, 515 So.2d 448 (1987). As we have stated, § 1225 A necessarily requires that the calculation of an employer's entitlement to a reverse offset be based upon whether the federal offset is applicable pursuant to 42 U.S.C. § 424a. The statute provides that an employer's reduction in compensation payments, by way of a reverse offset, shall be made only to the extent the combined payments of comp and federal benefits exceed those that would have been payable under the federal guidelines. Cross, supra. Thus, we interpret both § 1225 A and 42 U.S.C. § 424a as providing for calculations based upon the benefits that the injured employee is receiving at the time the employer initiates a claim for a reverse offset.
The hearing officer correctly made her calculations based upon Ebarb's federal benefit status as of December 13, 1995, the date of Beaird's judicial demand, and as provided by representatives of the Social Security Administration. We find no error in these calculations and conclude that Beaird's claim for a reverse offset was properly denied.

Conclusion
For the reasons expressed, the decree of the hearing officer is affirmed. All costs are assessed to Beaird Industries, Inc.
AFFIRMED.
NOTES
[1] See Garrett v. Seventh Ward Gen. Hosp., 95-0017 (La. 9/22/95), 660 So.2d 841, where the court addressed the issue of an offset of benefits under La.R.S. 23:1225 C(1)(c).