| ¶ CARAWAY, Judge.
Jerry Masters appeals a judgment of the Office of Worker’s Compensation (OWC) granting an offset to his employer, Delphi Interior & Lighting Systems (Delphi), against the compensation benefits it was obligated to pay. At issue is whether an offset was properly determined by the OWC under La. R.S. 23:1225(0, and whether the offset issue is now moot since Masters returned to work following the judgment. For the reasons stated herein, we reverse the judgment of the tribunal below, and render judgment in favor of Masters.

Facts

Masters sustained a work-related injury in October 1986 for which he received temporary total disability benefits in the amount of $261 per week, the maximum available worker’s compensation benefit, until he returned to work shortly after June 12, 1997. The dispute arose after Delphi filed a rule to show cause on August 19, 1996, requesting an offset under La. R.S. 23:1225(C) against its compensation obligation for the Social Security disability benefits that Masters receives. Masters began receiving Social Security disability benefits in November of 1987.
At the OWC hearing, Delphi presented into evidence a letter from the Social Security Administration (SSA) indicating the monthly benefits that Masters had received since Delphi made judicial demand for the offset.[1] Masters received $1,110.30 per month through November 1996, and he received $1,142.40 per month thereafter. Delphi’s calculation of the offset was based upon $519.67, which is 66-2/3% of Masters’ average weekly wage, and $282.75, Masters’ weekly |2worker’s compensation benefit.[2] Delphi calculated Masters’ weekly Social Security disability benefit to be $277.58 for the applicable period until December 1996 and $285.60 thereafter.
Accepting Delphi’s calculation, the OWC granted an offset of $40.66 per week from August 19, 1996, the date of Delphi’s demand, to November 30, 1996. Beginning on December 1, 1996, the offset amount increased to $48.68. The OWC ordered Delphi to deduct no more than $100 in addition to its monthly offset to recover the amounts due from date of judicial demand. Masters thereafter sought the assistance of counsel and appealed. Delphi answered the appeal.

Discussion

Mootness

The first issue is Delphi’s contention that the offset issue is now moot because Masters returned to work and is no longer collecting worker’s compensation. Delphi never implemented the offset pending the final outcome of this action, and now, there are no worker’s compensation benefits from which Delphi may recoup the reduction which was granted to it for the period of time from the filing of this claim until June 12, 1997. To the contrary, Masters contends that the offset issue is not moot because Delphi can later seek reimbursement for the offset amounts awarded but not collected by Delphi if Masters’ return to work on a trial basis proves unsuccessful and benefits are reinstated in the future.
A case is moot if a judgment rendered therein would give no practical relief or serve no useful purpose. Strickland v. Louisiana Office of Governor, 534 So.2d 956 *477 (La.1988); Yarbrough v. Federal Land Bank Ass’n of Jackson, 616 So.2d [31327 (La.App. 2d Cir.1993). The judgment rendered by the OWC awarded Delphi not only an offset from future payments of benefits, but also the right to recoup the offset portion of past payments made to Masters after August 19, 1996. Even though Masters may no longer be receiving compensation payments due to his return to work, it is conceivable that Delphi could still seek recoupment from Masters for past amounts awarded .by the judgment should he become unable to continue working and begins receiving additional worker’s compensation benefits. Cf, La. R.S. 23:1209; Bastiste v. Big Dirt Service, 95-113 (La.App. 3d Cir. 10/4/95), 663 So.2d 334; Brown v. Vernon Sawyer, Inc., 25,959 (La.App.2d Cir. 10/26/94), 645 So.2d 260. For this reason, we hold that the issue is not moot.

Computation of the Offset

Masters argues that Delphi is not entitled to an offset under the proper application of La. R.S. 23:1225(C)(1). We agree.
La. R.S. 23:1225 C(l) provides in pertinent part:
C. (1) If an employee receives remuneration from: ■
(a) Benefits under the Louisiana Workers’ Compensation Law.
******
(e) Benefits under disability benefit plans in the proportion funded by an employer.
* * " * * * *
then compensation benefits under this Chapter shall be reduced ... so that the aggregate remuneration from subpara-graphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.
In Garrett v. Seventh Ward Gen’l Hosp., 95-0017 (La.9/22/95), 660 So.2d 841, the supreme court held that disability benefits under the Social Security Act, to the extent funded by the employer, are included among La. R.S. 23:1225 C(l)(c)’s general reference to “disability benefit plans.” Accordingly, an employer may be entitled to an offset against his worker’s compensation ^obligation so long as it does not “reduce plaintiffs combined worker’s compensation benefits and Social Security benefits below sixty-six and two-thirds percent of [the] [claimant’s] average weekly wage.” Id. at 848.
The Garrett court discussed the distinctions between section A and section C of La. R.S. 23:1225. Under section A, which applies only to permanent total disability recipients, the offset is calculated based upon the SSA’s determination of the Total Family Benefit (TFB) and the Average Current Earnings (ACE) of the disability benefit recipient. Generally, if the aggregate or sum of the recipient’s worker’s compensation monthly benefit and his or her monthly TFB exceeds 80% of the ACE, then the employer may offset the difference by subtracting the excess from the worker’s compensation obligation. See, Kliebert v. Arceneaux Air Conditioning, 439 So.2d 486 (La.App. 1st Cir. 1983); Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 3d Cir.1982).
■As recognized in Garrett, the calculation under section C of 23:1225 is different in various respects. For one, section C allows that an offset may be taken only if aggregate benefits exceed sixty-six and two-thirds percent of the employee’s average weekly wage. Next, the disability benefits which are added to the worker’s compensation amount for purposes of determining an offset are added only in proportion to the extent such benefits are funded by the employer. Finally, unlike the so-called “reverse offset” allowance under section A, any offset under section C does not take precedent over any offset which the SSA might apply. Therefore, the Social Security disability benefits might be subject to reduction or offset because of the payment of the state worker’s compensation benefits.[3]
*478 [5The record contains a copy of a document from the SSA which details the Social Security benefits received by Masters and other calculations used to determine the possible federal offset amount. In pertinent part, the document calculated whether the SSA is entitled to an offset in this ease, as. follows:
3. Total family benefit (TFB) $1199.20
4. 80 percent of the average current earnings (ACE) $2494.40
5. Monthly amount of WC on which the offset is based: $1131.00
6. Federal offset amount: 0
Under the federal offset calculation, an offset is available if the total benefits (items 3 and 5) received by the beneficiary exceed 80% of the ACE (item 4). In this instance, the TFB of $1199.20 (item 3) added to the monthly amount of worker’s compensation benefits received by Masters (item 5)[4], results in the sum of only $2330.20, some $164.20 less than 80% of the ACE. Therefore, no federal offset was taken.
Turning now to the state calculation, “(b)enefits under disability benefit plans in the proportion funded, by an employer ” are added to the worker’s compensation benefit. La. R.S. 23:1225 C(l)(e); Garrett, supra. 660 So.2d at 845-847. (Emphasis ours.) Although' in this case no evidence was presented to establish the percentage of Masters’ Social Security benefits funded by Delphi, the federal law establishes that an employer matches the percentage of Social Security taxes that an employee is required by law to contribute through the payroll tax classified as the Federal Insurance Contribution Act (FICA) tax. See, 26 U.S.C.A §§ 3101 and 3111. See also G.N.B., Inc. v. Jones, 29,779 (La.App.2d Cir. |6 8/20/97), 699 So.2d 466 (Parties stipulated that employer’s proportionate contribution to social security was 50%). Because the employer and employee are taxed at an equivalent rate, each funds 50% of the disability benefits provided through Social Security. Therefore, Delphi’s credit or offset must be calculated using only one-half of Masters’ Social Security disability benefit. The OWC’s failure to make this adjustment in this case resulted in error.
Both parties agree that two-third’s of Mr. Master’s average weekly wage is $519.67 per week. The parties also agree that Mr. Masters was receiving worker’s compensation benefits in the amount of $261.00 per week. From August through November of 1996, Mr. Masters received $1130.30 per month social security benefits, and thereafter, his social security benefits were increased to $1142.40 per month.
From these undisputed amounts, we may now calculate whether Delphi is entitled to an offset under La. R.S. 23:1225 C:
August through November 1996:
1. Social Security Weekly Total Family Benefit (TFB) [5] $266:22
2. Employer’s proportionate share (60%) of weekly TFB $128.11,
3. Worker’s Compensation Weekly Benefit $261.00
4. Aggregate benefit amount available for offset (2 & 3) $389.11
5. Two-Thirds of Employee’s Average Weekly Wage $519.67
6. If the amount in item 6 is less than the amount in item 4, then subtract item 5 from item 4 to determine offset. $ 0
17Thus, because the aggregate benefit amount available for offset, $389.11, is less than $519.67, which is two-thirds of Masters’ average weekly wage, no offset is available for Delphi. Likewise, the federal increase in weekly TFB received by Masters after November of 1996 increased his aggregate benefits available for offset to a total of $392.82 per week, still well below two-thirds of Mr. Masters’ average weekly wage.
For these reasons, the judgment below is reversed. Delphi is not entitled to an offset under the facts of this case. Accordingly, Delphi’s claim for offset is dismissed with *479 prejudice. Costs of this appeal are assessed against Delphi.
REVERSED.

. An employer is not entitled to an offset for Social Security benefits paid to a worker until it first makes judicial demand for the offset and has obtained judicial approval to take the offset. Necaise v. A.C. Company of South Louisiana, Inc., 499 So.2d 1074 (La.App. 3d Cir.1986). Beard Industries, Inc. v. Ebarb, 29,300 (La.App.2d Cir. 2/26/97), 690 So.2d 866.

. Delphi uses the $261.00 in its brief conceding that the $282.75 amount used in calculating the judgment was incorrect.

. The Garrett court recognized that because Section 1225 C(l)(c) is not a reverse offset provision, there is "a potential double offset, one state and one federal.” Id. at 847. As will be shown below, however, no offset was taken by the Social Security Administration under its calculations in this case.

. The monthly worker’s compensation benefit is calculated by multiplying Master’s weekly benefit of $261.00 by 13 weeks (the number of weeks in a quarter-year) and then dividing by 3 (the number of months in a quarter).

. For consistency, we calculate the weekly TFB using the converse of the same quarter-year calculation used by the Social Security Administration to convert from a weekly benefit to a monthly benefit; i.e., $1110.30 (TFB) X 3 (months per quarter) 4- 13 (weeks per quarter) = $256.22.