423 So.2d 1255 (1982)
Charles N. LOFTON, Plaintiff & Appellee-Appellant,
v.
LOUISIANA PACIFIC CORPORATION, Defendant & Appellant-Appellee.
No. 82-315.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Rehearings Denied January 6, 1983.
*1256 Fuhrer & Flournoy, George A. Flournoy, Alexandria, for plaintiff & appellee-appellant.
Gaharan & Wilson, Donald R. Wilson and Paul Boudreaux, Jr., Jena, for defendant & appellant-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
DOUCET, Judge.
This is a workmen's compensationsocial security coordination of benefits case. The trial court awarded workmen's compensation benefits to plaintiff, Charles Lofton, we affirmed and the Supreme Court denied writs. Thereafter, defendant, Louisiana Pacific Corporation, filed a "Rule to Show Cause" and "Petition for Injunction to Arrest Execution of Judgment, for a Temporary Restraining Order, for Damages and for Attorney Fees" asserting it was entitled to a credit pursuant to LSA-R.S. 23:1225 due to plaintiff's receipt of Social Security Disability benefits. The employee moved to make the entire award due and exigible pursuant to LSA-R.S. 23:1333 and further sought penalties and attorney's fees pursuant to LSA-R.S. 23:1201.2. The trial court granted defendant a complete offset, effective the date of rendition of judgment, and relieved Louisiana Pacific from payment of workmen's compensation benefits for such period of time as social security benefits were received. From that judgment Louisiana Pacific filed a suspensive appeal urging that the offset be retroactive to the date when social security benefits commenced. Plaintiff appealed devolutively, assigning as error the trial court's offset award, refusal to accelerate workmen's compensation benefits and denial of penalties and attorney's fees.
The issues presented for our consideration are: (1) whether defendant is entitled to a credit, and, if so, what is the amount of the offset and when does it commence? and (2) whether plaintiff is entitled to an acceleration of the payment of workmen's compensation benefits and penalties and attorney's fees as a result of defendant's actions.
The facts are as follows: On or about March 22, 1982, the judgment in favor of Lofton and against Louisiana Pacific Corporation, awarding workmen's compensation benefits for total and permanent disability in the sum of $163.00 per week, plus penalties and attorney's fees, became final by virtue of the decision of the Supreme Court refusing to grant writs of review to the judgment of this court. On March 23, 1982, counsel for Louisiana Pacific contacted counsel for Lofton seeking verification of receipt of social security benefits, and their amount. Receiving no reply, on March 29, 1982, an additional request was made. On the same date, Lofton through his attorney, made demand for $20,004.00 and advised that if these funds were not paid immediately, a rule would be filed for acceleration and attorney's fees. On March 31, 1982, Lofton was provided with a check in the amount of $9,077.38, representing all workmen's compensation benefits from September 18, 1980, through February 28, 1981 (the week prior to plaintiff's receipt of federal benefits) with interest and attorney's fees. Lofton was also provided with a check for $893.33 in medical expenses, and was advised that $3,669.95 in hospital and doctor bills had been paid directly to the provider.
On April 1, 1982, Lofton was provided with an additional payment in the amount of $163.00, being the weekly amount due, and was advised by letter that, since counsel for plaintiff and defendant were unable to agree as to whether or not the social security offset was applicable, that a rule would be filed, wherein the court would be asked to decide whether or not the offset was applicable, and if so, the extent thereof. On April 1, 1982, the rule was filed. At the time, plaintiff was receiving federal benefits in the sum of $890.40 monthly. On May 3, 1982, the judgment complained of by both parties was rendered. On May 17, *1257 1982, Louisiana Pacific Corporation perfected a suspensive appeal, posting a surety bond in the amount of $18,000.00, to secure its liability for the amount of workmen's compensation in dispute.
Thus, within 60 days of finality of judgment, payments were made either to Lofton or on his behalf in excess of $14,000.00. The only amount unpaid is the amount which is in dispute, workmen's compensation benefits due from March 1, 1981 until April 1, 1982.
In 1978, La.R.S. 23:1225[1] was added to our workmen's compensation laws in response to a controversy between the state and federal governments over which entity was to pay disability benefits. Legislative Symposium, 39 La.L.Rev. 237, 244 (1978). Prior thereto, an individual's Social Security benefits were reduced to the extent of state workmen's compensation disability benefits provided the claimant had not yet reached the age of 62. 42 U.S.C. § 424(a) (1976). The Louisiana Legislature apparently decided that if any entity was to have decreased liability as a result of benefit coordination, it should be the state or, as the case may be, the state employer or its carrier. Accordingly, R.S. 23:1225 was added. At least ten other states have similar provisions. 4 Larsen, Workmen's Compensation § 97.35 (1978 & Supp.1982). The Louisiana provision states that there shall be an offset to permanent total compensation for federal disability benefits only to the extent that the combined amount would result in reduction of Old Age, Survivors, and Disability Insurance payments.
We note that defendant filed the aforementioned R.S. 23:1225 rule for reduction notwithstanding that the right to modify had not accrued per La.R.S. 23:1331, which provides in pertinent part "At any time six months after the rendition of judgment" a party may seek modification of a workmen's compensation judgment. We have held, in other contexts, that "the words `rendition of judgment' ... must be taken to mean rendition of a final judgment...", Housing Auth. of City of Lake Charles v. Minor, 355 So.2d 270, 271 (La. App. 3rd Cir.1977). The judgment herein became final on or about March 21, 1982 and defendant's rule was filed within six months thereof. Plaintiff did not object to the timing of the rule, therefore, the dilatory exception of prematurity is deemed waived.
Mr. Lofton was notified of his entitlement to Social Security benefits by award certificate dated February 2, 1981. His entitlement commenced March 1, 1981 and the first payment was made on April 3, 1981. The workmen's compensation trial was held on March 31, 1981. In interrogatories propounded to plaintiff four months prior to trial, Lofton denied receipt of any social security benefits. In this regard, plaintiff seeks to characterize defendant's actions as a collateral attack on a final judgment. Plaintiff contends that the issue of social security benefits should have been raised at trial during the original proceedings. Under this rationale the failure to plead an affirmative defense would render it lost. Plaintiff further contends that the trial judge erred in considering the interrogatories introduced into evidence at the original proceeding inasmuch as the interrogatories were not introduced in conjunction *1258 with the rule to show cause. For the same reasons plaintiff asserts this court is precluded from considering same.
In support of his position plaintiff cites: Smith v. White, 411 So.2d 731 (La.App. 3rd Cir.1982), involving an action on a promissory note and a reconventional demand for cancellation of a gravel lease and damages for destruction of reconvenor's fruit orchard and the removal by plaintiff of property not subject to the lease, wherein this court held, inter alia, that interrogatories not introduced into evidence could not be considered by either trial or reviewing courts. We consider Smith to be inapposite. The case at bar involves workmen's compensation which by its very nature is not a final judgment, as thought of in the ordinary sense, but subject to modification, LSA-R.S. 23:1331, and to which proceedings courts are not bound by technical rules of evidence or procedure. LSA-R.S. 23:1317. There can be no serious dispute but that plaintiff was fairly apprised of the legal claim asserted. Plaintiff's judicial confession in the earlier, related workmen's compensation between the same parties should not prevent modification by defendant absent a showing that the former adversary was misled or deceived. If anything, the record indicates that plaintiff's responses to the interrogatories misled defendant. Defendant was not required to file into evidence material already in the record of the companion case.
Another reason why defendant is not estopped from asserting its right to a credit is supplied in plaintiff's brief:
"Three requisites must exist before 1225 comes into play. First, a workmen's compensation claimant must be adjudged to be totally and permanently disabled; secondly, this person must be awarded Social Security disability benefits; and thirdly, the combined amount of Social Security disability benefits and workmen's compensation disability benefits must exceed the amount that would have been allowable without being subject to reduction, under federal law for Social Security disability benefits."
At the proceedings wherein plaintiff sought to be adjudged totally and permanently disabled the first requisite was clearly missing, and while plaintiff may have been entitled to federal benefits at the time, he had yet to receive same as required by R.S. 23:1225. Defendant is not estopped from asserting its right to a credit.
As to when the offset takes effect, the pertinent portion of R.S. 23:1225 provides that benefits "... shall be reduced when anyone is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II..." (emphasis added). Therefore, under the clear wording of the statute, the offset calculation does not reach back to any waiting period (e.g. 42 U.S.C. § 423 (1972) requiring six month delay) when the claimant was eligible, but no federal benefit was in fact received.
The question remains whether the offset should apply from the date of plaintiff's receipt of social security benefits or the date of defendant's claim for offset. In light of the participatory scheme of social security, to wit: the employee having contributed half of the "premium" for his coverage, we find that defendant's liability is reduced only prospectively from the date it exercises its right. The statute is not self-operative. Prior to the employer's assertion of right the employee is entitled to Social Security benefits, the employer cannot retroactively recoup payments. Accord: Burley v. Santa Fe Community College, 393 So.2d 1185 (Fla.App.1981). As was stated in Department of Transportation, Division of Risk Management v. Lindsey, 383 So.2d 956, at 958 (Fla.App.1980):
"It is the responsibility of the employer or carrier to inform itself of Social Security payments ... and, in the absence of some reporting duty imposed on the recipient by law (there is none) or by a prior order of a judge of industrial claims (there was none here), the claimant-recipient of disability compensation benefits and Social Security benefits is not charged by Section 440.15(10)(c) with responsibility to calculate and remit the amount by which the aggregate payments *1259 exceed 80 percent of his average weekly wage, nor with a duty to advise the employer or carrier of its opportunity to make that calculation and reduction."
The final question concerning the effective date of offset is whether the trial judge erred in making rendition of judgment the effective date rather than that of judicial demand. We opine, without ruling, that ordinarily the set-off should take effect from the date of judicial demand. However, we find that under the circumstances of the case the trial judge did not exceed his equitable powers in granting relief from the date judgment was rendered. We reach this result in part because of the rule's prematurity.
By affidavit, Mr. Leroy Seaux, district manager of the Alexandria, Louisiana Social Security Administration office and employee of the Administration for over 21 years, stated the method of calculating the offset if received by the Social Security Administration to be as follows:
"Offset calculation  If performed by Social Security
(a) Total Family Benefits (May, 1982)  $894.30
 $596.20 Charles
 $149.00 Wife
 $149.10 Child
(b) Average Current earnings
High Year  1980 - $22,878.60 = $1906.55
 ----------
 12 month
(c) Average current earings times 80% = $1525.24
(d) Total monthly payment effective May, 1982
 including W/C and Total Family Benefit under
 Social Security cannot exceed  $1525.24
(e) Maximum payment due monthly from W/C,
 without being subject to reduction  $630.94
(f) Converting to weekly payment
 $630.94 x 3 divided by 13 = $145.60
(g) Weekly offset by W/C = ($163.00 - $145.60) =
 $17.40"
As aforementioned, the intent of R.S. 23:1225 was to give the compensation carrier, rather than the federal government, the benefit of the ceiling placed on both programs by the coordination of benefits. The statute did not effect a reduction below that which the federal offset provisions provided for. Thus the offset awarded by the trial court must be reduced to the sum of $17.40 per week.
R.S. 23:1333 provides:
§ 1333. Employer's insolvency or failure to pay after judgment; acceleration of payments
If the employer against whom a judgment awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.
The statute effects a forfeiture against the employer, therefore, it must be strictly construed. Johnson v. Continental Insurance Companies, 410 So.2d 1058 (La.1982). In view of the serious and genuine novel legal issues presented, the plaintiff's failure to object to defendant's premature motion and the employee's adequate protection by virtue of receiving Social Security benefits, we find, as did the trial judge, that defendant's actions do not justify the acceleration of payments. Furthermore, in accordance with our rejection of plaintiff's acceleration demand, we find the trial judge properly denied penalties and attorney's fees sought pursuant to R.S. 23:1201.2.
We are well aware of the holding of Lytell v. Strickland Transportation Co., Inc., 373 So.2d 138 (La.1979) that the possibility "that the judgment might be subject to modification under Section 1331 (i.e., if the disability lessens) is not, under the statutory scheme, relevant to the availability of the penalty provided by the succeeding Section 1333." 373 So.2d at 140. The court therein noted defendant made no contention that the employee was no longer disabled or that the employer could meet its heavy burden of proving that the plaintiff's indefinite total disability at the time of trial will terminate at some determinable date in the future. "In the absence of such showing." The acceleration provisions applied. *1260 373 So.2d at 144. For reasons assigned hereinabove, we find that defendant met its burden of showing entitlement to modification of judgment.
For the reasons assigned hereinabove the judgment appealed is amended to reduce defendant's offset to workmen's compensation liability to the sum of $17.40 per week. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are to be divided between the parties.
AMENDED AND AFFIRMED.
NOTES
[1] § 1225. Reductions when federal benefits payable

The benefits provided for in this Subpart B for injuries producing permanent total disability shall be reduced when anyone is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. Section 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and workmen's compensation benefits would otherwise cause or result in a reduction of the benefits payable under the federal old age, survivors, and disability insurance act pursuant to 42 U.S.C. Section 424a and in no event will the benefits provided in this Subpart together with those provided under the federal law exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. Section 424a.
Added by Acts 1978, No. 750, § 1.