545 So.2d 605 (1989)
Raymond GUILLORY, Plaintiff-Appellee,
v.
STONE & WEBSTER ENGINEERING CORPORATION & Employers National Insurance Company, Defendants-Appellants.
No. 88-264.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
On Rehearing June 29, 1989.
*606 Xenia H. Tillery, Baton Rouge, for plaintiff-appellee.
Glusman, Moore, etc., Stephen E. Broyles, Baton Rouge, for defendant-appellant.
Gerald Jeffers, Asst. Atty. Gen., Baton Rouge, for defendant-appellee.
Before FORET, YELVERTON and KING, JJ.
YELVERTON, Judge.
This action for workmen's compensation arose from a job injury in February 1983, and is thus governed by the law in effect prior to July 1, 1983. The trial court found the plaintiff-appellee, Raymond Guillory, totally and permanently disabled, and awarded benefits based on total and permanent disability, as well as penalties and attorney's fees. In an amended judgment, Stone and Webster was allowed a offset for Social Security benefits received by Guillory, as provided by La.R.S. 23:1225, the offset commencing at the time of judicial demand.
From this judgment, Stone and Webster appealed. Plaintiff answered the appeal seeking an increase in attorney's fees, and seeking a holding that R.S. 23:1225 is unconstitutional, and in the alternative, that the trial court erred in allowing the offset to begin at judicial demand, claiming that it should have begun only after judgment. We affirm the judgment without change.
FACTS
On February 26, 1983, Raymond Guillory was employed by Stone and Webster Engineering Corporation as a laborer. As he was sweeping inside of a tank, a piece of sheet metal fell on him. He suffered multiple injuries as a result, including an open multiple fracture of his mandible, a through and through laceration of his chin, a fracture of the second and third metatarsals of his left foot, a fracture of the first cuneiform bone of his left foot, and a non-displaced fracture of his right patella.
Employers National Insurance Company, the insurer of Stone and Webster, began paying worker's compensation benefits to Guillory on February 27, 1983, the day following the accident. On September 13, 1984, counsel for Guillory notified Employers that various medical bills had not been paid. Guillory's attorney also requested on October 3, 1984, that Employers guarantee payment to Dr. Chacere for dentures. On October 24, 1984, Guillory's attorney notified Employers that, as a result of Employers' failure to pay a certain medical bill, that bill had been turned over to a collection agency. Demand for payment of medical bills was again made on February 11, 1985. On April 12, 1985, Employers was advised by counsel for Guillory that another unpaid account had been turned over to a collection agency. Compensation was terminated on May 20, 1985. This suit was filed on June 6, 1985.
*607 In its first assignment of error, Employers National Insurance contends that the trial court erred in awarding any benefits. The trial judge found that Guillory was totally and permanently disabled. A finding of fact by a trial court as to disability and length thereof should not be disturbed except on a showing of manifest error. Bordelon v. Ranger Ins. Co., 413 So.2d 962 (La.App. 3rd Cir.1982), writ den. 420 So.2d 448 (La.1982).
The testimony of three doctors was presented. Dr. Luke Bordelon and Dr. Emile Ventre were treating physicians. Dr. Samuel Stagg examined Guillory at the request of the Social Security Administration in order to determine Guillory's eligibility for benefits. Dr. Bordelon rated Guillory as having a 12% disability due to injuries to his foot. Dr. Bordelon's treatment of Guillory had focused on the left foot. In 1975, Dr. Bordelon had given Guillory a 25% impairment of the back on a permanent basis. Dr. Ventre treated Guillory's right knee which had been injured in the mishap on February 26, 1985. At trial, Dr. Ventre opined that Guillory could not return to construction work due to his injuries. Dr. Ventre testified that Guillory was only capable of performing sedentary light work.
Dr. Stagg examined Guillory in order to make a disability determination on behalf of the Social Security Administration. This doctor did not feel that Guillory could perform any moderate or heavy physical labor. This evaluation of Guillory's capacity to perform was based on the combined condition of Guillory's knee and back.
It is clear that the trial judge found that Guillory was an "odd lot" worker totally and permanently disabled under the workmen's compensation law as it stood before the 1983 amendments. We find no error in this finding.
In their second assignment of error, appellants urge that if the award of compensation benefits is affirmed, they should be allowed credit for all Social Security benefits received by Guillory. The trial judge allowed appellants an offset in the worker's compensation benefits due Guillory beginning the date that Employers made demand for the offset. The offset was the result of R.S. 23:1225, which requires that any state permanent total disability benefits be reduced to the extent that those benefits would cause a reduction in federal Social Security benefits. Demand for the offset was made by appellants on April 23, 1986, in an amending and supplemental answer filed that date.
All parties contend that the trial court's decision as to when the offset would begin was in error. The employer and insurer claim that the offset should be made retroactive back to May 1985, which was the date they discontinued compensation and that the judgment requires compensation to resume. The employee, on the other hand, argues that the offset should not begin until the date of the judgment.
This circuit has answered that dispute in an earlier case. In Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 3rd Cir.1982), we said that the offset for Social Security benefits takes effect on the date of demand. The trial judge's holding that the offset awarded to Employers was effective from April 23, 1986, was not error.
The employer parties next contend that the lower court erred in finding that Employers was arbitrary and capricious in discontinuing benefits to Guillory. Employers urges that the trial court erred in awarding any penalties and attorney's fees. Alternatively, they argue that these awards should be allowed only for obtaining payment of medical expenses.
A finding of whether an employer acted arbitrarily, capriciously, and without probable cause in denying worker's compensation benefits is a finding of fact which will not be disturbed on review unless the finding is clearly wrong. Dearmon v. Louisiana Pacific Corp., 465 So.2d 144 (La.App. 3rd Cir.1985), writ den. 467 So.2d 1136 (La.1985). Here, the trial judge awarded attorney fees of $7,500 and penalties of 12% on unpaid worker's compensation benefits and past due medical expenses.
In his reasons for judgment, the trial judge stated that Dr. Stagg and Dr. Ventre *608 better characterized Guillory's disability. The trial judge indicated that the reliability of Dr. Bordelon's opinion was diminished because Dr. Bordelon referred to Guillory's foot injury only, disregarding the disability he had earlier attributed to Guillory's back surgery.
Dr. Stagg examined Guillory on September 25, 1985. Employers had terminated Guillory's benefits in May of 1985. Employer's did not have the benefit of Dr. Stagg's examination at the time of termination. At the time of the termination, however, Employers was in possession of medical reports by Dr. Ventre and Dr. Bordelon. Dr. Ventre's report of June 18, 1984, stated that Guillory was able to return to regular work on June 1, 1984. During the trial, Dr. Ventre qualified the assertion in the report and testified that Guillory could only perform sedentary light work. He also testified that after that report he had resumed treating Guillory. Although Dr. Ventre's report was available to Employers in 1984, Guillory's benefits were not terminated until 1985.
Dr. Bordelon had submitted a report to Employers on May 21, 1984, indicating that Guillory could return to "full activity although he may have some difficulty with stair climbing and stooping." This report stated further that any such difficulty should abate within six to twelve months. On March 5, 1985, at the instance of Employers, Dr. Bordelon submitted a report to the insurer in which he rated Guillory as having a 12% physical impairment of the left foot. No mention was made of Guillory's ability to return to work. At this time, the inquiry should have been under the law then in effect, whether Guillory was able to resume his regular work activities. This report, as submitted by Dr. Bordelon, was inconclusive. Where a worker's compensation provider relies on an inconclusive report and terminates benefits without sufficient investigation, that provider has acted arbitrarily and capriciously. Bernard v. Merit Drilling Co., 434 So.2d 1282 (La.App. 3rd Cir.1983). A worker's compensation insurer must make a reasonable effort to determine a beneficiary's exact medical condition before terminating benefits. Williams v. Western Preferred Cas. Ins. Co., 465 So.2d 191 (La.App. 3rd Cir.1985). Not only did Employers rely on the inconclusive report of Dr. Bordelon, but it also failed to check with Dr. Ventre, whose last report was a year old, and who had in the meantime resumed treatment of Guillory.
In light of the above facts, we cannot say that the trial judge was clearly wrong in his determination that Employers had acted arbitrarily and capriciously in terminating Guillory's benefits.
Finally, appellants argue that the award of penalties and attorney's fees is excessive. Guillory's accident occurred in February 1983. At that time La.R.S. 22:658 was applicable to worker's compensation claims. This law was changed by the enactment of La.R.S. 23:1201.2 which became effective on July 1, 1983. La.R.S. 22:658 provided for the award of all reasonable attorney's fees necessary for the prosecution and collection of insurance benefits which had not been provided by an insurer. The statute further stipulated penalties of 12% on the total amount of loss suffered by the insured. Here, the trial judge awarded penalties of 12% and attorney's fees of $7,500.
The trial judge is given much discretion in determining the amount to be awarded as attorney's fees. Artigue v. Louisiana Farm Bureau Mut. Ins. Co., 339 So.2d 880 (La.App. 3rd Cir.1976), writ den. 341 So.2d 1132 (La.1977). We do not find that the trial judge abused his discretion in making the award in the instant case.
Employers also argues that because the new workmen's compensation legislation of 1983 eliminated penalties on medical expenses, this indicates a legislative intent that the new law would be retroactive as to penalties. We reject this argument. The Workmen's Compensation Act of 1983 declared that its effective date was July 1, 1983.
Guillory argues that R.S. 23:1225 is unconstitutional, because it violates Article I, Section 3 of the Louisiana Constitution.
*609 In the proceedings below, Guillory had filed the plea of unconstitutionality. During the trial when the issue was mentioned during an objection the trial court announced that it was overruled.
Article I, Section 3 of the Louisiana Constitution provides:
Section 3. No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.
Guillory's argument is that La.R.S. 23:1225 discriminates against him because of his physical condition (total and permanent disability).
We explained La.R.S. 23:1225 in Lofton, supra, as follows:
In 1978, La.R.S. 23:12251 was added to our workmen's compensation laws in response to a controversy between the state and federal governments over which entity was to pay disability benefits. Legislative Symposium, 39 La.L. Rev. 237, 244 (1978). Prior thereto, an individual's Social Security benefits were reduced to the extent of state workmen's compensation disability benefits provided the claimant had not yet reached the age of 62. 42 U.S.C. § 424(a) (1976). The Louisiana Legislature apparently decided that if any entity was to have decreased liability as a result of benefit coordination, it should be the state or, as the case may be, the state employer or its carrier. Accordingly, R.S. 23:1225 was added. At least ten other states have similar provisions. 4 Larsen, Workmen's Compensation § 97.35 (1978 & Supp.1982). The Louisiana provision states that there shall be an offset to permanent total compensation for federal disability benefits only to the extent that the combined amount would result in reduction of Old Age, Survivors, and Disability Insurance payments.
As pointed out by the authors of Malone and Johnson, Workers' Compensation, § 289, 13 La. Civil Law Treatise 682 (1980): "[t]he covered worker should experience no change in the total amount received from the two systems together."
The key word in the constitutional provision, in our opinion, is the word discriminate. It is difficult to see how the plaintiff can complain of discrimination, or difference in treatment, because of his being totally and permanently disabled. Although R.S. 23:1225 classifies persons on the basis of the physical disability described as total and permanent, it is a classification that does not offend plaintiff in any meaningful way; it is a discrimination without teeth. Whether the statute is applied in plaintiff's circumstances, or not applied, makes no difference; plaintiff will receive the same amount of money for his disability. We agree with the trial court that the statute does not violate the equal protection provisions of our constitution.
Counsel for plaintiff seeks additional attorney's fees for services performed on this appeal. We have held that when a successful plaintiff answers the appeal and seeks further relief on appeal, additional attorney's fees may not be awarded. Carmouche v. CNA Ins. Companies, 535 So.2d 1279 (La.App. 3rd Cir. 1988). For these reasons we deny the request for additional attorney's fees.
For the foregoing reasons, the judgment of the trial court is affirmed. Stone and Webster Engineering Corp. and Employers National Insurance Company will pay three-fourths of the costs of appeal, and plaintiff will pay the remaining one-fourth.
AFFIRMED.
ON REHEARING
PER CURIAM.
In our original opinion herein we overlooked an issue raised and briefed by defendants/appellants: whether or not the trial court was correct in its computation of *610 a credit due for the receipt of Social Security disability benefits.
The trial court calculated an offset of $62.24 per week beginning April 23, 1986, and put that in the judgment. It is apparent that this calculation was based upon the consideration of only the Social Security benefits paid to the plaintiff individually. The correct calculation requires the use of the amount of total family benefits. Lofton v. Louisiana Pacific Corporation, 423 So.2d 1255 (La.App. 3d Cir. 1982).
Employing this calculation, we find that the amount of the offset from April 23, 1986, through August 31, 1986, is $125.12. Beginning September 1, 1986, and continuing thereafter (so long as the total family benefits are $685.20), the amount of the offset is $90.92.
The judgment of the trial court is so amended, and as amended, affirmed.