725 So.2d 19 (1998)
Floyd J. LeBLANC, Jr., Plaintiff-Appellee,
v.
LAKE CHARLES DODGE, INC., Defendants-Appellants.
No. 98-88.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1998.
Rehearing Denied January 6, 1999.
Louis D. Bufkin, Lake Charles, for Floyd J. LeBlanc, Jr.
Charles M. Kreamer, Lafayette, for Lake Charles Dodge, Inc.
BEFORE: WOODARD, PETERS, and GREMILLION, Judges.
WOODARD, Judge.
The appellants, Lake Charles Dodge, Inc., and its insurer, The Home Insurance Company (Lake Charles Dodge), appeal the judgment of the workers' compensation judge, finding that it had no right to take a reverse offset of the workers' compensation benefits received by appellee, Floyd J. LeBlanc, Jr., and awarding LeBlanc penalties and attorney's fees. The workers' compensation judge's finding was based on her use of LeBlanc's individual social security disability benefit and not on his total family benefit, which resulted in an insufficient amount to allow for an offset. We affirm.

FACTS
This matter stems from a previous judgment issued by the Office of Workers' Compensation on January 21, 1993. There, the workers' compensation judge held that LeBlanc was totally and permanently disabled *20 and that Lake Charles Dodge was entitled to take a reverse offset from the benefits it was paying to him, effective from the date of its judicial demand, August 2, 1990. The workers' compensation judge's determination was affirmed by this court in March of 1994, and became final when writs were denied on June 3, 1994. Lake Charles Dodge did not initiate a reverse offset until March of 1996, when it reduced LeBlanc's monthly benefits from $1,135.30 to $44.30 per month. Subsequently, LeBlanc filed a disputed claim for compensation, contesting the reduction. After a hearing on July 31, 1997, the workers' compensation judge found that Lake Charles Dodge was not entitled to offset LeBlanc's compensation benefits and awarded him penalties in the amount of $2,000.00 or twelve percent, whichever was greater, and attorney's fees of $2,500.00. Lake Charles Dodge appeals this decision.

LAW

REVERSE OFFSET
Lake Charles Dodge urges that the workers' compensation judge committed legal error in calculating the offset on the employee's individual social security disability benefits and not on his total family benefits (TFB).
To appreciate the implications raised in this issue, we must revisit the origination of the wage-loss benefits coordination laws. Congress passed such laws to avoid creating an overlap between state workers' compensation laws and federal social security laws. The Louisiana Supreme Court in Garrett v. Seventh Ward Gen. Hosp., 95-0017 (La.9/22/95); 660 So.2d 841, 843, explained the purpose of these laws as follows:
Wage-loss benefit coordination laws are designed to achieve a dual purpose: (1) to assure, when an employee suffers a wage loss because of disability, unemployment, advanced age or death, that a certain minimum portion of the employee's actual wages is continued or, in the case of death, that the employee's dependents receive some degree of recovery of lost support; and (2) to preclude an employee from contemporaneously collecting duplicative wage-loss benefits under different parts of the overall system of employer-based protection against loss of wages.
(Emphasis added.)
In the mid-sixties, the federal government significantly amended the Social Security Act. The statute, namely 42 U.S.C. § 424a, was modified pursuant to such amendments. In effect, it authorizes the federal government to decrease the amount to which the employee is entitled when the combined amounts of social security benefits and state workers' compensation benefits exceed eighty percent of the employee's "average current earnings." 42 U.S.C. § 424a(a); Garrett, 660 So.2d at 843. Congress, thereby, reduced the risks of duplication inherent to the states' and federal programs while it allowed a supplement to workers' compensation where the state recovery scheme was inadequate.
In calculating whether it may take an offset, the Social Security Administration (SSA) takes into account the employee's TFB; that is, the sum of the individual's social security disability benefits and the social security benefits awarded to his dependents on the basis of the employee's disability. 42 U.S.C. § 424a(a); 20 C.F.R. § 404.408(h)(2); 70A Am.Jur. 22 § 242.
Nevertheless, 42 U.S.C. § 424a(d) also authorizes some states to take a reverse offset. Louisiana is one of the states which has elected to do so. La.R.S. 23:1225 permits employers to expropriate the offset that the federal government would be allowed to take. Garrett, 660 So.2d 841. In other words, it allows the state's reduction to preempt that of the federal government's under conditions provided in 42 U.S.C. § 424a. Under this scheme, a reverse offset provision shifts the costs of the workers' compensation coverage back to the federal government by reducing state workers' compensation benefits. Thus, it is the employer or its carrier, rather than the federal government, which recoups the savings created by the offset.
Once it has been established that the employer or its carrier is entitled to a reverse offset, a question arises as to how the offset is to be calculated; that is, whether the basis to be used includes the TFB received from *21 social security or just that portion attributable to the employee receiving workers' compensation benefits. Lake Charles Dodge argues that in our circuit, Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 3 Cir.1982); and Guillory v. Stone & Webster Engineering Corp., 545 So.2d 605 (La.App. 3 Cir.1989) conclusively answer that question and dictate that the TFB be used. We note that the panel in Lofton did apply the method of calculation employed by the SSA when calculating the amount of the offset; however, it did so as dicta, because the correctness of this method of calculation was never before the court. Thus, there was no judicial determination that it is the appropriate approach. Accordingly, Guillory erroneously relied on Lofton. We have been presented with no authority, nor have we found any, which directly addresses this issue when it is properly before the court, as in the case sub judice.
We now turn to an analysis of which method of calculation should be applied under our state system. The federal system requires the use of TFB in determining the amount of an SSA offset. 42 U.S.C. § 424a(a); 20 C.F.R. § 404.408(h)(2). Yet, our legislature neither speaks of TFB, when mandating the offset, nor provides for the adoption of the SSA method. In fact, in describing the application of La.R.S. 23:1225, the Louisiana legislature expressly refers to the wages of the individual receiving workers' compensation benefits and to that person solely. La.R.S. 23:1225(A) provides:
The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and workers' compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee's injury.
(Emphasis added.)
We read the Louisiana legislature's intent to be that it has chosen to depart from the SSA's method of calculation and to use only the worker's individual benefits as the basis rather than that of the entire family.
We also note another important distinction between the state and federal laws. Unlike the federal counterpart, La.R.S. 23:1225 does not provide for recalculation when the TFB changes. In other words, when there is a disqualification of a family member's entitlement to benefits, the worker's benefits are automatically adjusted upwards to compensate for the loss. 42 U.S.C. § 424a(f); 20 C.F.R. 404.408(i). In Louisiana, no such provision exists. Thus, interpreting the Louisiana statute to require the use of TFB could lead to an inequitable and absurd result. For example, had Lake Charles Dodge sought the reverse offset at the time that LeBlanc became entitled to social security benefits, the employer would have received an offset initially. When LeBlanc's TFB were reduced, his income would have been brought below the reduction line, while the employer would still have the offset advantage.
We find no support for the notion that the employer is to receive an advantage over the employee or that the offset is to be at the employee's expense, especially in light of the well settled policy that employees are to be favored under our workers' compensation laws. Britton v. City of Natchitoches, 97-1038 (La.App. 3 Cir. 2/11/98); 707 So.2d 142, writ denied, 98-1203 (La.4/3/98); 719 So.2d 1057.
*22 Accordingly, we hold that the figure to use when calculating a reverse offset is to be only the worker's individual social security benefits, not the TFB.

PENALTIES AND ATTORNEY'S FEES
In its remaining assignment of error, Lake Charles Dodge argues that the workers' compensation judge erred in assessing it with penalties and attorney's fees, and, in the alternative, that the amount awarded was excessive. Lake Charles Dodge reasons that it should not be penalized since this matter involves a novel issue and its actions were "reasonable and based upon a good faith interpretation of closely analogous jurisprudence."
The award of penalties and attorney's fees is essentially a finding of fact by the workers' compensation judge, which will not be reversed unless it is clearly wrong. Henry v. Bolivar Energy Corp., 95-1691 (La.App. 3 Cir. 6/5/96); 676 So.2d 681, writ denied, 96-1749 (La.10/11/96); 680 So.2d 644. We find no error in the award of attorney's fees and, likewise, the amount awarded.
In Nugent v. Department of Health & Human Resources, 617 So.2d 1347, 1350 (La. App. 3 Cir.), writ denied, 624 So.2d 1226 (La.1993) (superseded on other grounds by Matthews v. City of Alexandria, 619 So.2d 57 (La.1993); see e.g. City of Natchitoches v. Williams, 94-1411 (La.App. 3 Cir. 5/24/95); 657 So.2d 320), this court stated:
An employer who elects to make such deductions without first seeking administrative approval or presenting proof of the disability amount at a subsequent hearing acts without authority and at its own risk. The State could have filed a request for modification of payments and in due course secured the offset on presenting sufficient proof.
In this instance, Lake Charles Dodge already had administrative approval for its right to seek a reverse offset. However, upon review of the record, and the prior workers' compensation judgment and reasons for judgment, we find no mention that approval was given for a specific offset amount. Therefore, we find that Lake Charles Dodge acted at its own risks by reducing LeBlanc's workers' compensation benefits. The award of penalties and attorney's fees by the workers' compensation judge was reasonable.

CONCLUSION
For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. The costs of this matter are assessed to the appellants, Lake Charles Dodge, Inc., and The Home Insurance Company.
AFFIRMED.
GREMILLION, J., concurs and assigns written reasons.
GREMILLION, Judge.

CONCURRENCE
It is my opinion that the workers' compensation judge erred in basing her holdings on LeBlanc's individual disability benefits instead of his TFB, and I, therefore, respectfully disagree with the majority opinion. However, I would concur in the result reached by the majority. I note that La.R.S. 23:1225 states:
[P]rovided that this reduction shall be made only to the extent that the amount of the combined federal and workers' compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act, pursuant to 42 U.S.C. § 424 A....
It would seem that the intent of the Louisiana Legislature in passing this statute was to allow a reduction of benefits to the employer if a reduction was available to the SSA. The SSA calculates its offset based on the employee's TFB. 42 U.S.C. § 424a(a); 20 C.F.R. § 404.408(h)(2).
It is clear that the offset does not take effect until there is a judicial demand for and judicial approval of the claimed offset. Lejeune v. Stamm-Scheele, Inc., 93-536, p. 2 (La.App. 3 Cir. 2/16/94); 640 So.2d 327; Necaise v. A.C. Co. of South Louisiana, Inc., 499 So.2d 1074 (La.App. 3d Cir.1986). In agreeing with the result reached by the majority, I would find that the reverse offset should be effective at the time of judicial demand, not at the time of the entitlement. *23 LeBlanc's TFB at the date of judicial demand (August 2, 1990) was $894.20. Eighty percent of his average current earnings was $2,172.00. When his monthly workers' compensation benefits of $1,135.30 is added to the TFB of $894.20, it equals $2,029.50, less than eighty percent of his average current earnings. Therefore, Lake Charles Dodge is not entitled to a reverse offset against LeBlanc's workers' compensation benefits.
I further respectfully disagree with the majority opinion that La.R.S. 23:1225 does not provide for recalculation when TFB changes. In my opinion, it is implicit in the statute that a recalculation should occur when the TFB or workers' compensation benefits change. While La.R.S. 23:1225 does not provide for recalculation when the TFB changes, it does not prohibit a recalculation. The SSA recalculates when either benefit changes; the employer or employee should be allowed to recalculate also. 20 C.F.R. § 404.408(k). To allow otherwise could indeed result in absurd consequences.
Finally, I agree with the majority in its holding regarding the award of penalty and attorney's fees.