IgDECUIR, Judge.
Appellant, Jared Regan, appeals the calculation and starting date of a reverse offset granted to Nabors Drilling USA, Inc. by judgment of the workers’ compensation judge. We affirm.
FACTS
On April 9, 1996, Jared Regan was injured in the course and scope of his employment as a roughneck for Nabors Drilling USA, Inc. Nabors paid workers’ compensation benefits and medical expenses. In August of 1997, Regan filed a disputed claim for medical payments. On November 3, 1997, Nabors answered and prayed for several items of alternative relief, one of which was a reverse offset for social security benefits paid to Regan. The matter was resolved and a dismissal was allegedly signed on January 14, 1998.
In May of 1999, Nabors filed a Motion for Recognition of Rights to Social Security Offset. A hearing was held and the workers’ compensation judge awarded an offset of $950.50. The issue of date of judicial demand did not arise at the hearing. The parties sent a letter to the judge outlining their disagreement. Nabors contended that the date of judicial demand was the November 3, 1997 answer to the medical payment dispute. Regan contended that the date should be May 18, 1999, the date of the Motion for Recognition. The workers’ compensation judge ruled in favor of Nabors and set the starting date for the offset as November 3, 1997. Re-gan lodged this appeal.
CALCULATION OF OFFSET
Regan contends that the workers’ compensation judge erred in calculating the amount of the reverse offset granted to Nabors. We disagree.
|,qThe crux of Regan’s complaint is that the workers’ compensation judge used his total family benefit (TFB) of $1,422.10 rather than his individual benefit of $948.10 in calculating the proper offset. This is the method used by the Social Security Administration and this court in Guillory v. Stone & Webster Engineering Corp., 545 So.2d 605 (La.App. 3 Cir.1989) and Lofton v. Louisiana Pacific Corp., 423 *316 So.2d 1255 (La.App. 3 Cir.1982). However, in LeBlanc v. Lake Charles Dodge, Inc., 98-88 (La.App. 3 Cir. 11/21/98); 725 So.2d 19, this court held that the calculation should be made using the individual benefit amount as argued by Regan. The workers’ compensation judge specifically declined to follow LeBlanc. Regan asks that we reverse the workers’ compensation judge’s decision and apply LeBlanc.
In LeBlanc we were motivated in large part by the seeming inequity created by the failure of La.R.S. 23:1225 to specifically address the issue of recalculation of the offset when TFB decreases. We now recognize that, La.R.S. 23:1310.8(A) and La. R.S. 23:1310(B), which grant cohtinuing jurisdiction and authority to change or modify previous findings and awards to the workers’ compensation judge, provide adequate relief for any inequity that should arise from the application of La.R.S. 23:1225. We will, therefore, reinitiate our analysis of La.R.S. 23:1225 to determine the proper method of calculation.
In that regard, our discussion in Le-Blanc accurately describes the origins of the offset as follows:
In the mid-sixties, the federal government significantly amended the Social Security Act. The statute, namely 42 U.S.C. § 424a, was modified pursuant to such amendments. In effect, it authorizes the federal government to decrease the amount to which the employee is entitled when the combined amounts of social security and state workers’ compensation benefits exceed eighty percent of the employee’s “average current earnings.” 42 U.S.C. § 424a(a); (citation omitted) Congress, thereby, reduced the risks of duplication inherent to the states’ Land federal programs while it allowed a supplement to workers’ compensation where the state recovery scheme was inadequate.
In calculating whether it may take an offset, the Social Security Administration (SSA) takes into account the employee’s TFB; that is, the sum of the individual’s social security disability benefits and the social security benefits awarded to his dependents on the basis of the employee’s disability. 42 U.S.C. § 424a(a); 20 C.F.R. § 404.408(h)(2); 70A Am.Jur. 22 § 242.
Nevertheless, 42 U.S.C. § 424a(d) also authorizes some states to take a reverse offset. Louisiana is one of the states which has elected to do so. La. R.S. 23:1225 permits employers to expropriate the offset that the federal government would be allowed to take. (Citation Omitted). In other words, it allows the state’s reduction to preempt that of the federal government’s under conditions provided in 42 U.S.C. § 424a. Under this scheme, a reverse offset provision shifts the costs of the workers’ compensation coverage back to the federal government by reducing state workers’ compensation benefits. Thus, it is the employer or its carrier, rather than the federal government, which recoups the savings created by the offset.
Once it has been established that the employer or its carrier is entitled to a reverse offset, a question arises as to how the offset is to be calculated; that is, whether the basis to be used includes the TFB received from social security or just that portion attributable to the employee receiving workers’ compensation benefits.
La.R.S. 23:1225(A) provides:
The benefits provided for in this Sub-part for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Sub-chapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and workers’ compensation benefits *317 would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 12 U.S.C. § I2Ia. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee’s injury.
(Emphasis added.)
| sThe interaction between the federal and state law has been interpreted to mean that, “the covered worker should receive no change in the total amount received from the two systems together.” Wex S. Malone & H. Alston Johnson III, 13 Louisiana Civil Law Treatise-Worker’s Compensation Law and Practice Sec. 289 (3rd ed.1994). “Stated otherwise, under the reverse offset, the employee receives the same amount of benefits, but from different sources.” Beaird Industries v. Ebarb, 29,300 (La.App. 2 Cir. 2/26/97); 690 So.2d 866, 868.
To calculate the offset using individual benefit rather than TFB as suggested by Regan, contravenes both the intent of the federal law and the letter of our statute. As noted previously, the federal law was intended to prevent duplication of state and federal programs by creating a ceiling on combined recoverable benefits. La. R.S. 23:1255 expressly states that benefits payable may not exceed those payable had the federal offset been taken. Accordingly, we find Guillory and Lofton to be controlling under these circumstances.
In the present case, if we calculate the offset using individual benefit, Regan’s benefit will exceed the ceiling provided in federal law and, therefore, violate the prohibition of La.R.S. 23:1225. Moreover, if the offset is calculated as requested by Regan, his benefit would arguably remain subject to federal offset under the provisions of 42 U.S.C. § 424a. Such a result furthers neither the interests of the claimant nor the state. Accordingly, we find no error in the method used by the workers’ compensation judge to calculate the reverse offset.
DATE OF JUDICIAL DEMAND
Regan next contends that the workers’ compensation judge erred in making the offset retroactive to November 3, 1997, the date of Nabors’ answer filed in docket number 97-05312. Regan argues that the proper date for the offset to commence | ^should be May 18, 1999, the date of Nabors’ motion for recognition of rights to social security offset. We disagree.
Regan asserts that the proceeding giving rise to the November 3, 1997 answer was dismissed. However, the record before us contains no dismissal. A copy of the answer was submitted to the lower court by both parties. On these facts, we will defer to the workers’ compensation judge on this question concerning the status of matters on his docket. We note that by so finding, we reach an equitable result. The workers’ compensation judge assured that no unfairness would accrue to the claimant by the use of the November 3, 1997 offset. Specifically, the judge’s order requires Regan to reimburse Nabors for its overpayment out of the funds paid to him by the Social Security Administration for reimbursement of underpayment of Social Security caused by the Social Security Administration taking the offset to which Nabors was entitled. This ruling assures that neither Regan nor Nabors suffers undue hardship or is unjustly enriched. We find no error in the workers’ compensation judge’s retroactive application of the reverse offset from November 3,1997.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is af *318 firmed. All costs of this appeal are taxed to appellant, Jared Regan.
AFFIRMED.