| Judge PATRICIA RIVET MURRAY.
In this workers’ compensation case, the issues presented involve the calculation of the reverse offset for Social Security disability benefits under La. R.S. 23:1225(A).[1] *610 The plaintiff-employee, William Manino, appeals the ruling of the Workers’ Compensation Judge (“WCJ”) finding that he is entitled to $244.71 (after the offset) in workers’ compensation benefits retroactive to June 1, 2000, and finding that the defendant-employer, Ten (10) Minute Oil Change and its insurer, Liberty Mutual Insurance Company,[2] were not arbitrary and capricious.
The facts are virtually undisputed. In January 1989, Mr. Manino filed a claim for workers’ compensation benefits, alleging he was injured during the course and scope of his employment. Ultimately, Mr. Manino was found to be | ¡¡totally and permanently disabled and awarded monthly workers’ compensation benefits in the amount of $866.66. Sometimes thereafter, Mr. Manino began collecting Social Security disability benefits. After discovering that Mr. Manino was contemporaneously collecting Social Security and workers’ compensation benefits, defendant ceased paying workers’ compensation benefits in April 1992.
In response to defendant’s termination of benefits without seeking judicial approval, Mr. Manino filed a disputed claim with the Office of Workers’ Compensation. In December 1992, the parties entered into a formal settlement agreement compromising that claim. That settlement agreement provided that Mr. Manino was receiving from Social Security total family benefits (TFB) in the amount of $828.90 and that defendant was entitled to a one hundred percent offset.
In January 2000, the Social Security Administration notified Mr. Manino that his TFB were going to be reduced in June 2000 when his minor child reached eighteen years old. In anticipation of that benefits reduction, Mr. Manino requested that defendant voluntarily resume paying him workers’ compensation benefits, but that request was not acted upon. In October 2000, Mr. Marino filed the instant disputed claim seeking reinstatement of his workers’ compensation benefits based on the decrease in his Social Security benefits to $483.00.
In a letter dated May 30, 2001, Mr. Manino’s attorney, in response to the WCJ’s instruction, provided the following formula for calculating the offset:
a. Total Family Benefit (“TFB”) $ 483.00
b. 80% of Average Current Earnings (“ACE”): $ 729.60[3]
c. Combined benefits cannot exceed: $ 729.60
*611 d.Monthly Workers’ Compensation Benefit (“WC”):
$200 X 13 = $ 866.66
3
e. TFB ($483.00) + WC ($866.66) = $1,349.66
f. Offset: $l,349.66-$729.60 = $ 620.06
g. Weekly Offset: $620.06 X3 = $ 143.09
13
Weekly WC ($200.00) — Weekly Offset ($143.09) = $56.91/weekly $56.91 X 4.3 = $244.71/monthly WC retroactive
Accepting the above calculation, defendant, albeit shortly before the July 11, 2001 hearing in this matter, paid Mr. Man-ino workers’ compensation benefits of $244.71 a month retroactive to June 2000. On October 11, 2001, the WCJ rendered a judgment, likewise accepting the above formula, holding that since Mr. Manino’s Social Security benefits were decreased to $483.00 he was entitled to monthly workers’ compensation benefits of $244.71 retroactive to June 1, 2000. The WCJ rejected Mr. Manino’s contention that defendant was arbitrary and capricious. This appeal followed.
On appeal, Mr. Manino asserts that the WCJ erred in the following three respects: (1) calculating the amount of the offset; (2) failing to find the reduced offset retroactive to April 1992; and (3) failing to find defendant arbitrary and capricious. We separately address each of these three arguments.
Mr. Manino first contends that the WCJ erred in determining he was only entitled to monthly workers’ compensation benefits in the amount of $244.71. He contends that he should be entitled to the difference between the total amount of monthly workers’ compensation benefits he was entitled to receive ($866.66) and his TFB ($483), which is a difference of $383.60. Simply stated, Mr. Manino Rargues that defendant is required to pay compensation benefits that when added to his TFB would equal $866.66.
The formula the WCJ relied upon for calculating the reverse offset is identical to that set forth in Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 3rd Cir.1982). Explaining that formula, a commentator noted:
The offset is determined by adding the total family benefits TFB received from social security (before any offset has been taken) and the employee’s monthly workers’ compensation benefits and then subtracting from the result either the total family benefits or 80 percent of the employee’s average current earnings (a figure calculated by Social Security), whichever is greater.... The offset must involve the comparison ... between the combined total family benefits and the workers’ compensation benefits *612 in comparison to the greater of two numbers, ACE or total family benefits.
Denis Paul Juge, Louisiana Workers’ Compensation § 12:4 (2d ed.2002).
Explaining the purpose of La. R.S. 23:1225, the court in Lofton stated that it was intended “to give the compensation carrier, rather than the federal government, the benefit of the ceiling placed on both programs by the coordination of benefits.” 423 So.2d at 1259. Given that statutory purpose, it logically follows that the formula for calculating the reverse offset to which a compensation carrier is entitled under state law should be based, as it would under federal law, on the TFB and ACE figures provided by the Social Security Administration. Given that the Lofton formula is based on those figures, it is consistent with the statutory purpose of the reverse offset. Although it was decided twenty years ago, a commentator has noted that the cases decided following the Lofton decision have not “strayed very far from the tenets of that decision.” 13 H. Alston Johnson III, Malone & Johnson, Louisiana Civil Law Treatise: Workers’ Compensation Law and Practice § 289 (2d ed.1994).
|sMr. Manino argues that a departure from that formula is warranted to increase the applicable ceiling to the amount of workers’ compensation benefits he was entitled to receive ($866.66). However, as defendant contends, Mr. Manino cites no statutory or jurisprudential support for that departure; rather, he relies solely on equity. We find his argument for such a departure unpersuasive and that the WCJ thus did not err in applying the formula set forth above. Applying that formula, Mr. Manino is limited to receiving a total of $729.60 (eighty percent of his ACE) from Social Security disability benefits and workers’ compensation benefits. Based on that limitation, the WCJ did not err in calculating the offset and in determining, based on that calculation, that Mr. Manino was entitled (after the offset) to $244.71 in monthly workers’ compensation benefits.
Mr. Manino’s second argument is that the WCJ erred it making the award of workers’ compensation benefits retroactive only to June 1, 2000, the date Mr. Marino’s Social Security benefits were reduced. Mr. Manino argues that the workers’ compensation benefit award should have been made retroactive to April 1992, the date of the earlier settlement. Mr. Manino’s argument is based on the theory that the parties were mistaken when they agreed in April 1992 to use the amount of TFB (i.e., a figure that encompasses benefits received by all household members) in determining defendant’s entitlement to a total offset. Mr. Manino argues that instead the calculation should have been based on his individual Social Security benefits, which would have resulted in a smaller offset. In support of that contention, he cites LeBlanc v. Lake Charles Dodge, Inc., 98-88 (La.App. 3 Cir. 11/12/98), 725 So.2d 19.
In LeBlanc, supra, the court concluded that in determining the offset the calculations should be made using the amount of the employee’s individual benefit | ¿rather than the TFB. In so holding, the court in LeBlanc focused on the use of the word “individual” in La. R.S. 23:1225(A), noting that “the Louisiana legislature expressly refers to the wages of the individual receiving workers’ compensation benefits and to that person solely.” 98-88, p. 4, 725 So.2d at 21 (Emphasis in original).
More recently, in Nabors Drilling USA, Inc. v. Regan, 2000-00477 (La.App. 3 Cir. 11/2/00), 772 So.2d 314, the Third Circuit *613 refused to follow LeBlanc, supra. In so doing, the court noted that using the TFB “is the method used by the Social Security Administration” as well by the court in both Guillory v. Stone & Webster Engineering Corp., 545 So.2d 605 (La.App. 3 Cir.1989) and Lofton, supra. 2000-00477 at p. 3, 772 So.2d at 315. Finding that method the correct one and finding Guillory and Lofton controlling, the court reasoned that “[t]o calculate the offset using individual benefit rather that TFB ... contravenes both the intent of the federal law and the letter of our statute.” 2000-00477 at p. 5, 772 So.2d at 317. The court further reasoned that “the federal law was intended to prevent duplication of state and federal programs by creating a ceiling on combined recoverable benefits.” Id. The court still further reasoned that La. R.S. 23:1225 “expressly states that benefits payable may not exceed those payable had the federal offset been taken” and that under the circumstances before it calculating the offset using the individual benefit “will exceed the ceiling provided in federal law and, therefore, violate the prohibition of La. R.S. 23:1225.” Id.
We find the analysis in Nabors, supra, correct and conclude that the TFB is the correct figure to be used in determining the reverse offset to which an employer or workers’ compensation insurer is entitled. Mr. Manino’s argument to the |7contrary is thus unavailing. The WCJ did not err in limiting the retroactivity of Mr. Manino’s entitlement to workers’ compensation benefits to June 1, 2000.[4]
Mr. Manino’s final argument is that the WCJ erred in failing to award penalties and attorney’s fees. In support, he argues that defendant was arbitrary and capricious in its handling of his request for reinstatement of his compensation benefits based on the reduction of his Social Security benefits in June 2000. As defendant notes, Mr. Manino’s claim is directed primarily at the fact he had to file this disputed claim against defendant to obtain reinstatement of his benefits.
La. R.S. 23:1201(F) provides for a penalty when it is established that the employer failed to reasonably controvert the employee’s entitlement to benefits. Construing the phrase “reasonably controvert,” the Louisiana Supreme Court held it means “the defendant must have some valid reason or evidence upon which to base his denial of benefits.” Brown v. Texas-La. Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 890. This penalty provision does not apply when the employer “engaged in non-frivolous legal dispute.” Id. Given this was a “non-frivolous legal dispute” over the reverse offset calculation, the WCJ thus did not err in refusing to impose a penalty.
La. R.S. 23:1201.2 provides for reasonable attorney’s fees if an employer was arbitrary and capricious in failing to pay benefits. Whether refusal to pay benefits is arbitrary and capricious depends on the facts known to the employer at the time of the refusal. Beddes v. Qwik Pantry, 29,657 (La.App. 2 Cir. 6/18/97), 697 So.2d 695, 698. Rarely is it appropriate for an appellate court to award attorney’s fees ‘based on employer actions which the trier of fact previously | sfound did not rise to the level of being arbitrary and capricious (and in fact found to be meritorious).’ ” Willis v. Alpha Care Home Health, 2001-0638, p. 2 (La.6/15/01), 789 *614 So.2d 567, 568)(quoting J.E. Merit Constructors Inc. v. Hickman, 00-0943 (La.1/17/01), 776 So.2d 435.) The trier of fact’s determination of whether an award of penalties and attorney’s fees is warranted is a question of fact that shall not be disturbed on appeal unless manifestly erroneous or clearly wrong. Tillmon v. Thrasher Waterproofing, 2000-0395 (La.App. 4 Cir. 3/28/01), 786 So.2d 131; Price v. City of New Orleans, 95-1851 (La.App. 4 Cir. 3/27/96), 672 So.2d 1045, 1051. We cannot find the WCJ was manifestly erroneous in denying penalties and attorney’s fees under the facts of this case.
Accordingly, the WCJ’s award of workers’ compensation benefits of $244.71 per month, retroactive to June 1, 2000 is affirmed.
AFFIRMED.

. La. R.S. 23:1225(A) provides:
The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and workers' compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Sub-part, together with those provided under the federal law, exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee's injury. (Emphasis added.)
The federal statute, 42 U.S.C. § 424a, limits the combination of Social Security disability benefits and workers' compensation benefits to eighty percent of the claimant’s “average current earnings.”

. For ease of discussion, the defendants are collectively referred to herein in the singular as defendant.

. The documentation provided by the Social Security Administration is the source of the first two amounts; that documentation indicates that eighty percent of Mr. Manino’s ACE was $729.60 and his TFB was $483.00.

. We farther note, as defendant stresses and the WCJ acknowledged, there was no evidence introduced at the July 11, 2001 hearing concerning the calculations made at the 1992 hearing. Moreover, Mr. Manino is bound by the settlement he and his attorney signed in 1992.