439 So.2d 486 (1983)
Murray Charles KLIEBERT
v.
ARCENEAUX AIR CONDITIONING, INC. and Fireman's Fund Insurance.
No. 82 CA 1060.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*487 George T. Mustakas, II, Metairie, for plaintiff Murray Charles Kliebert.
J. Rodney Ryan, Jr., of Preis, Crawford, Scheffy, Mauldin & Ryan, Baton Rouge, for defendants Arceneaux Air Conditioning, Inc. and Associated Indemnity Corp.
Glenn P. Marcel, of Lindsay & Marcel, Baton Rouge, for intervenor Lindsay & Marcel, Baton Rouge.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
This is a workmen's compensation case. Plaintiff, Murray Charles Kliebert, suffered an inferior myocardial infarction on October 22, 1980 while employed as an insulation installer for Arceneaux Air Conditioning, Inc. He brought suit against Arceneaux and its workmen's compensation insurer, Associated Indemnity Corporation, one of Fireman's Fund Insurance Companies, for workmen's compensation benefits.
On the date of trial, the parties entered into a settlement of all issues except plaintiff's current disability status and the applicability *488 of the social security offset provision contained in LSA-R.S. 23:1225. In the settlement, defendants agreed to pay plaintiff's past medical expenses in the amount of $9,985.79, weekly workmen's compensation benefits from October 22, 1980 through May 1, 1981, the date when plaintiff began receiving social security benefits, penalties in the amount of $1,451.01, attorney's fees in the amount of $3,250 to plaintiff's attorney, and drug charges in the amount of $788.91. It was further stipulated that plaintiff's medical condition was experienced during the course and scope of his employment with Arceneaux, that plaintiff is currently receiving $525 per month in social security disability benefits, and that plaintiff's wife and son are each receiving $138. per month in social security disability benefits.
The trial court rendered judgment finding that plaintiff was permanently and totally disabled and awarding him $163. per week for workmen's compensation benefits for the duration of his disability. The trial court also found that the defendants were not entitled to the offset provided for in R.S. 23:1225. In addition, the trial court found that the defendants were arbitrary and capricious in refusing to pay compensation and awarded penalties and attorney's fees in the amount of $3,750.
From that judgment, defendants filed a suspensive appeal, urging that the trial court erred in failing to apply the social security offset provision and in awarding additional penalties and attorney's fees. Defendants do not raise as error on appeal the trial court's finding of total and permanent disability.
The first issue for our consideration is the applicability of LSA-R.S. 23:1225. It provides that workmen's compensation benefits for injuries producing permanent total disability shall be reduced when anyone is entitled to and receiving social security disability benefits. Since plaintiff was found to be permanently and totally disabled and was receiving social security disability benefits, R.S. 23:1225 clearly applies.
Under R.S. 23:1225 state workmen's compensation benefits must be reduced to the extent that the combined state and federal benefits would cause or result in a reduction in federal social security benefits. This provision was enacted in response to subsection (d) of 42 U.S.C. Section 424a (the federal social security reduction statute) which provides that the federal reduction will not apply if the workmen's compensation benefits are subject to reduction under state law.
We must therefore determine to what extent state workmen's compensation benefits would subject plaintiff's federal benefits to reduction under the federal statute and offset that amount against his state benefits. The relevant federal provision, 42 U.S.C. Section 424a, provides that federal benefits shall be reduced by the amount by which the combined state and federal benefits exceed the higher of 80% of the claimants' average current earnings or his total federal disability benefits.
We note that computing the offset on the basis of the amount by which the combined benefits exceed 80% of the average current earnings and on the basis of the amount by which they exceed the total federal benefits will give us two different results. If the reduction was based solely on the amount by which the combined benefits exceed the total federal benefits, defendants would be entitled to a dollar-for-dollar offset in the workmen's compensation benefits. If the reduction was based solely on the amount by which they exceed 80% of the plaintiff's average current earnings, defendants would probably be entitled to a substantially smaller offset. This is exactly why 42 U.S.C. Section 424a calls for the reduction to be made on the basis of the amount by which the total benefits exceed the higher of the two.
We further note that the trial court in its reasons for judgment incorrectly stated that the offset provisions contained in R.S. 23:1225 are intended to apply only to social security benefits received by the individual, and not the benefits received by his wife and child. The reduction according to *489 42 U.S.C. Section 424a is to be the higher of 80% of the individual's average current earnings or "the total of such individual's disability insurance benefits under section 423 [benefits payable to the husband] ... and of any monthly insurance benefits under section 402 [benefits payable to the wife and child]..." [See Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 3d Cir.1982), where although the method of determining the offset was not at issue, the court set out the necessary calculations.]
We find that the offset provision contained in R.S. 23:1225 applies in this case. There was no evidence introduced at trial relating to plaintiff's average current earnings. Because computing the offset solely on the basis of the combined benefits may result in a reduction exceeding that to which social security is entitled under 42 U.S.C. Section 424a, we feel that it would be unfair to compute the setoff solely on that basis. Therefore, we remand to the trial court for the purpose of taking additional evidence relating to plaintiff's average current earnings. A court of appeal may remand a case to the trial court for the taking of additional evidence where it is necessary to reach a just decision. LSA-C. C.P. arts. 2082 and 2164; Nereaux v. Rivet, 228 So.2d 172 (La.App. 1st Cir.1969); Succession of Brice, 390 So.2d 905 (La.App. 2d Cir.1980); McCullough v. Hart, 424 So.2d 531 (La.App. 5th Cir.1982).
Defendants contend that the trial court erred in assessing penalties and attorney's fees for the issues which were submitted to the trial court, viz., plaintiff's current disability status and the applicability of the social security offset provision. We agree.[1]
LSA-R.S. 22:658 provides for the assessment of penalties and attorney's fees against an insurer for failure to pay policy benefits within 60 days after receipt of proof of loss and demand for payment, when such failure is found to be arbitrary, capricious, or without probable cause.
Since this provision is penal in nature, it is to be strictly construed and the stipulated sanctions should be imposed only in those instances in which the facts negate probable cause for non-payment. Crawford v. Al Smith P. & H. Service, Inc., 352 So.2d 669 (La.1977); Cole v. State Farm Mut. Auto. Ins. Co., 427 So.2d 522 (La.App. 3d Cir.1983).
We find that the defendants were not arbitrary or capricious in their actions regarding the issues presented for trial. A genuine dispute existed as to the extent of plaintiff's disability. In addition, defendants have prevailed in their arguments concerning the application and calculation of the offset.
For the foregoing reasons, the judgment of the trial court, awarding additional penalties and attorney's fees is reversed. Further, the finding of the trial court that defendants are not entitled to the offset pursuant to LSA-R.S. 23:1225 is reversed and the case is remanded to the trial court for the taking of additional evidence relating to plaintiff's average current earnings.
The assessment of costs to await a final determination of this matter.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] We note that the penalties and attorney's fees provided for in the settlement remain unchanged.