CRAIN, J.,
concurring.
|J concur in the result. Under Louisiana Revised 23:1225(A), the offset applicable to workers compensation benefits (“state offset”) is equal to the offset that otherwise would have been applicable to Social Security disability benefits under 42 U.S.C.A. § 424a (“federal offset”). See Kliebert v. Arceneaux Air Conditioning, Inc., 439 So.2d 486, 488 (La.App. 1 Cir.1983); see also Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623, 626 (recognizing that the adoption of a state offset resulted in “no corresponding disadvantage to employees, since either the state or the federal system, but not both, would receive the benefit of the reduction to the eighty percent ceiling on the total benefits”); and Malone & Johnson, 13 La. Civ. L. Treatise, Workers’■ Compensation Law and Practice § 289 (5th ed.2010) (observing that the “covered worker should experience no change in the total amount received from the two systems together”). The calculation of the state offset, therefore, is dictated by the law governing the federal offset. See La. R.S. 23:1225(A); Kliebert, 439 So.2d at 488.
Under federal law, amounts paid or incurred by the individual for legal expenses in connection with the disability claim are excluded from the calculation of the offset allowed by 42 U.S.C.A. § 424a. See 20 C.F.R. § 404.408(d). However, the claimant must present evidence establishing “the actual amount of expenses already incurred or a reasonable estimate ... of future expenses.” 20 C.F.R. § 404.408(d); see also, Reed v. Mid-States Wood Preservers, Inc., 43,799 |2(La.App. 2 Cir. 12/3/08), 999 So.2d 189, 194, writ denied, 09-0009 (La.2/20/09), 1 So.3d 500.
In the present case, the claimant did not present sufficient evidence to establish that she “paid or incurred” legal expenses in connection with her claim for post-judgment, weekly disability benefits. The only evidence in that regard is an order by the workers compensation judge that “approved” a fee of $3,751.28. That evidence, alone, does not establish that the claimant paid or incurred the fee, only that such a fee was approved. For this reason, the workers’ compensation judge erred in reducing the offset by the amount of the purported attorney fee.