| | | |
|---|---|---|
| COLIN JACOB HINDS | * | NO. 2022-CA-0444 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| SYDNEY PETITE HINDS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-11458, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Karen K. Herman)

Edith H. Morris
Bernadette R. Lee
Suzanne Ecuyer Bayle
Sheila H. Willis
MORRIS LEE & BAYLE, L.L.C.
1515 Poydras Street, Suite 1420
New Orleans, LA 70112

  COUNSEL FOR PLAINTIFF/APPELLEE, COLIN JACOB HINDS

Jeffrey M. Hoffman
Gordon J. Kuehl
Sarah J. Flettrich
HOFFMAN NGUYEN & KUEHL, LLC
541 Julia Street
Suite 200
New Orleans, LA 70130

  COUNSEL FOR DEFENDANT/APPELLANT, SYDNEY PETITE HINDS

**REVERSED AND REMANDED**
**JANUARY 26, 2023**

*TFL*

*JCL*

*KKH*

This appeal arises from the divorce proceedings between Colin Jacobs Hinds and Sydney Petite Hinds. Following several years of varied divorce related proceedings, Ms. Petite sought payment from Mr. Hinds for attorney's fees.

The trial court granted Ms. Petite attorney's fees incurred prior to January 31, 2019, in the amount of $6,970.68. Ms. Petite appealed contending that Mr. Hinds agreed in a consent judgment to be liable for the entirety of Ms. Petite's attorney's fees.

On review, we find that the matter requires a full evidentiary hearing with the admittance of evidence and/or testimony. As such, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The parties were married on August 5, 2006, and had three children between them. Ms. Petite originally filed a Petition for Divorce and two Petitions for Protection from Abuse in St. Tammany Parish. On September 19, 2018, the trial court in St. Tammany Parish held a hearing wherein a consent judgment was confected between the parties regarding the alleged abuse, visitation, custody, and

payment of attorney's fees.[1]  After the consent judgment, Mr. Hinds alleges the parties reconciled.[2]  The parties then moved into a newly rented apartment in Orleans Parish.

On October 31, 2019, Mr. Hinds filed a Petition for Divorce Pursuant to Louisiana Civil Code Article 102, contending that he and Ms. Petite had been living separate and apart since August 10, 2019.  Mr. Hinds then filed a Petition to Register Judgment and Rule for Contempt and to Modify Visitation on November 12, 2019, seeking to make executory the St. Tammany Parish consent judgment from February 19, 2019, and to modify visitation.  On March 2, 2020, the parties entered into and the trial court signed an additional consent judgment making the St. Tammany Parish consent judgment "executory" in Orleans Parish pursuant to La. C.C.P. art. 2781. On March 4, 2020, the parties filed a Joint Motion to Transfer Proceedings to the Civil District Court for the Parish of Orleans, which requested that all proceedings pending in St. Tammany Parish be transferred to Orleans Parish since all parties resided in Orleans Parish.

The parties filed numerous exceptions, rules for contempt, and miscellaneous pleadings.  A Judgment of Divorce was signed on January 5, 2021.  Following the divorce, Ms. Petite filed a Motion to Set Amount Owed in Attorney's Fees and Court Costs, which sought $64,524.34 for the past three years of divorce related litigation. Subsequent to a hearing and taking the matter under advisement, the trial court rendered a judgment ordering Mr. Hinds to pay for attorney's fees and court costs incurred prior to January 31, 2019, in the amount of $6,970.68.

---

[1] The St. Tammany Parish consent judgment was not signed by the trial court until February 19, 2019.

[2] Ms. Petite does not concede to a reconciliation.

Ms. Petite filed a Motion for Devolutive Appeal contending that the trial court erred by not awarding to full amount of attorney's fees and costs sought. Ms. Petite contends that Mr. Hinds agreed to pay all related attorney's fees and court costs in the consent judgment from St. Tammany Parish.

## STANDARD OF REVIEW

This Court previously outlined the standard of review for the award of attorney's fees as follows:

> A trial courts award of attorney fees is reviewed using an abuse of discretion standard. *Covington v. McNeese State Univ.*, 12-2182, p. 6 (La. 5/7/13), 118 So.3d 343, 348. The Louisiana Supreme Court stated that in applying the standard, "the role of the reviewing court is not to determine what it considers to be an appropriate award, but rather it is to review the exercise of discretion by the trier-of-fact." *Id.*, 12-2182, p. 11, 118 So.3d at 351. The trial court's factual findings used to determine the award are reviewed pursuant to the manifest error/clearly wrong standard. *Stobart v. State, Dep't of Trans. & Dev.*, 617 So.2d 880, 882 (La. 1993).

*Greenblatt v. Sewerage & Water Bd. of New Orleans*, 19-0694, pp. 12-13 (La. App. 4 Cir. 12/20/19), 287 So. 3d 763, 771-72.

The standard of review of a judgment enforcing a settlement or consent judgment is the manifest error/clearly wrong standard. *Eckstein v. Becnel*, 17-0868, p. 8 (La. App. 4 Cir. 6/27/18), 250 So. 3d 1046, 1053. "A district court's judgment regarding the existence, validity and scope of a compromise or settlement agreement hinges on its finding of the parties' intent—an inherently factual finding." *Id*.

## AWARD OF ATTORNEY'S FEES

Ms. Petite contends that the trial court erred by only awarding pre-January 31, 2019 attorney's fees in the amount of $6,979.68 instead of the $64,524.34 sought.

"Generally, Louisiana only allows for an award of attorney's fees when fees

are either provided for in a contractual agreement or authorized by statute." *Bd. of Supervisors of Louisiana State Univ. v. S. Elecs., Inc.*, 17-0722, p. 11 (La. App. 4 Cir. 6/6/18), 317 So. 3d 865, 874. The parties herein confected the St. Tammany Parish consent judgment and later agreed to make that judgment "executory" in the Orleans Parish consent judgment. The St. Tammany Parish consent judgment rendered in the case entitled *Sydney Petite Hinds v. Colin Jacob Hinds*, No. 2018-13765, Division "L," provided, as follows:

> **THE COURT**, having been informed of certain agreements and stipulations of the parties relative to the motions before the Court, after the stipulations, consents, and agreements of the parties were read into the record and agreed to in writing in conformity with Civil Code articles 3071, *et. seq.*, renders judgment as follows:
>
> **IT IS ORDERED, ADJUDGED, AND DECREED** that in consideration for Sydney Hinds dismissing with prejudice two (2) Petitions for Protection filed pursuant to La. R.S. 46:2136 and R.S. 9:362, the parties agree that sole custody is awarded to Sydney Hinds of the minor children, subject to supervised visitation by Colin Hinds and the following provisions:
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that during the period of supervision, Sydney Hinds, or any other mutually agreed upon individual, will provide supervision. Any third party supervisor shall be at Colin Hinds' cost. Such visitation shall commence October 3, 2018 and thereafter every Wednesday afternoon/evening for two (2) hours and every alternating Saturday and Sunday for three (3) hours. After six (6) weeks, the parties may make reasonable modifications to the days and times of visitation. Both parties shall communicate with one another in writing to arrange specific times or any changes to visitation. Visitation shall be conducted pursuant to La. R.S. 9:361 *et seq*.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that in the event Colin Hinds appears to be under the influence of alcohol or any substance for visitation, Sydney Hinds shall have the right to cancel.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Colin Hinds shall comply with ail requirements- pursuant to La. R.S. 9:364 (B) before seeking to modify custody/visitation through the Court.

4

Such agreement shall not be construed in any way, shape or form as an admission by Colin Hinds that he has a history of perpetrating family violence as defined by statute, but as a compromise in his best interests. Specifically, Colin Hinds shall complete a twenty six (26) week program of in person anger management classes and refrain from all drug and alcohol use.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** all attorney's fees and court costs associated with the Protective Order herein and subsequent divorce related matters shall be paid by Colin Hinds pursuant to La. R.S. 9:367 and R.S. 9:314.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that in the event Sydney Hinds wishes to relocate the minor children pursuant to La. R.S. 9:355.2 to any state in the Gulf Coast region (Louisiana, Mississippi, Alabama, Florida, Georgia, Texas), Colin Hinds specifically waives any right to object via a court proceeding provided adequate notice is provided.

**IT IS FURTHER ORDERED. ADJUDGED, AND DECREED** that both parties are restrained from harassment of one another pursuant to La. R.S. 9:372.1. This shall not constitute a Protective Order against either party and shall not be filed in the registry. All communication between the parties shall be civil and polite, in particular in front of the minor children. Both parties shall try to accommodate any and all reasonable requests of the other party regarding visitation of the minor children.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties defer any issues related to support and any issue not resolved herein to the Hearing Officer Conference.

The Orleans Parish consent judgment, in the case entitled *Colin Jacob Hinds*

*v. Sydney Petite Hinds*, No. 2019-11458, Division E, stated, in relevant part:

**IT IS ORDERED, ADJUDGED AND DECREED** that the Consent Judgment rendered and signed by the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, on February 19, 2019, in the case entitled Sydney Petite Hinds v. Colin Jacob Hinds, No. 2018-13765, Division "L", Hon. Dawn Amacker, presiding, and attached to the Petition to Register Judgment, filed by Colin Jacob Hinds, on November 12, 2019, be and is hereby made executory in Orleans Parish pursuant to La. C. Civ. P. art. 2781.

5

This Court explained the nature of a consent judgment and the interpretation of same, thusly:

> A consent judgment is "a bilateral contract wherein parties adjust their differences by mutual consent." *Burrell v. UMC*, 19-1095, 19-0423, p. 5 (La. App. 4 Cir. 6/10/20), 302 So.3d 93, 96 (citations omitted). "[T]hrough concessions made by one or more of them," the parties enter into a contract to "settle a dispute or an uncertainty concerning an obligation." La. C.C. art. 3701. The consent judgment that results from the mutual consent of the parties "is and should be accorded sanctity under the law." *Plaquemines Parish Gov't v. Getty Oil Co.*, 95-2452, p. 6 (La. 5/21/96), 673 So.2d 1002, 1006. "A consent judgment has the binding force from the presumed voluntary acquiescence of the parties, not from adjudication by the court." *Burrell*, 19-1095, p. 4, 302 So.3d at 96 (quoting *Succession of Simmons*, 527 So.2d 323, 325 (La. App. 4th Cir. 1988)).
>
> When reviewing and interpreting a consent judgment, this Court applies the basic principles of contract interpretation, which begins with the determination of the common intent of the parties in forming the contract. La. C.C. art. 2045. The reasonable intention of the parties to the contract is sought by examining the words of the contract itself. *Prejean v. Guillory*, 10-0740, pp. 6-7 (La. 7/2/10), 38 So.3d 274, 279. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046.

*Jones v. City of New Orleans*, 20-0247, p. 5 (La. App. 4 Cir. 4/14/21), 315 So. 3d 963, 966-67.

The trial court held a hearing on multiple motions, including the issue regarding the payment of Ms. Petite's attorney's fees. However, the trial court did not admit evidence into the record, did not take testimony pertaining to Ms. Petite's bills for attorney's fees, the amounts she allegedly paid, what remained due and owing, or the parties' intent when entering into the consent judgment from St. Tammany Parish. There was no traversal of the bills at the hearing. The bills utilized

6

by the trial court were attached to Ms. Petite's Memorandum in Support of Sydney Petite's Motion to Set Amount Owed in Attorney's Fees and Court Costs. The trial court took the matter under advisement and permitted the parties to file post-trial memoranda.

This Court previously held that an "amount of reasonable attorney's fees should be determined after an evidentiary hearing." *Bd. of Supervisors of Louisiana State Univ. v. Gerson*, 17-0229, p. 30 (La. App. 4 Cir. 11/14/18), 260 So. 3d 634, 655. No evidentiary hearing with the admittance of bills or traversal of the bills took place and no findings of fact were made. Thus, we are unable to determine whether the trial court abused its discretion in the amount of attorney's fees awarded. This Court may remand in the interest of justice. *See* La. C.C. art. 2164. *See also Kliebert v. Arceneaux Air Conditioning, Inc.*, 439 So. 2d 486 (La. App. 4th Cir. 1983) ("A court of appeal may remand a case to the trial court for the taking of additional evidence where it is necessary to reach a just decision."). Accordingly, the judgment is reversed and the matter is remanded to the trial court for a full evidentiary hearing pertaining to the issues of interpreting the consent judgments, including the legal effect of parties' agreement to make the St. Tammany Parish consent judgment "executory," and determining which attorney's fees are owed.

## DECREE

For the above-mentioned reasons, we find the trial court erred by not conducting an evidentiary hearing on the issues of attorney's fees, the interpretation of the consent judgments, and the effect of the parties' agreement to make the St. Tammany Parish consent judgment executory. We reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

7